Weygandt, C. J.
 

 It should be noted that this appeal involves no question relating to the second cause of action which is based on negligence and is awaiting-trial. Hence, no opinion is expressed with reference thereto.
 

 The sole phase of this controversy now before this court for consideration is whether the lower courts-were in error in sustaining the demurrer to the first cause of action which is predicated on the theory of trespass alone. ’
 

 
 *327
 
 In its first canse of action the plaintiff alleges in substance that it is the lessee of a tract of land improved with a large warehouse located between Riverbed and West 24th streets in the city of Cleveland; that West -24th street lies on the top of a steep hill above the level of Riverbed street and the warehouse; that for many years the defendant city has maintained as a part of its municipal waterworks system a four-inch water main in West 24th street; that, due to the construction of a bridge, the level of the land surrounding the north end of West 24th street was raised above the street; that the city then raised the level of that portion of the street by placing thereon a large quantity of dirt, stones, etc., to a depth of several feet; that five years thereafter on January 31, 1945, the four-inch water main in West 24th street burst; and that as a result thereof a huge quantity of dirt, stones and water was thrown down the hillside against and into the plaintiff’s warehouse, thereby damaging the building and the contents consisting of sashes, doors and other finished, kiln-dried merchandise.
 

 The lower courts held that the facts stated in the plaintiff’s first cause of action are not sufficient to ■show that the condition in West 24th street resulting-in the claimed trespass was such as to constitute an absolute nuisance not requiring proof of negligence. Was this erroneous?
 

 At the threshold of its opinion the trial court paused to interpose the very pertinent observation that “there •are a few branches of the law in which more confusion ■exists than the law of nuisance.” It would not have been indulgence in immoderation of statement if the •court had said “unnecessary confusion.” In any ■event, out of the welter of endless theorizing on the subject has come at least one rather generally approved classification — absolute nuisance and qualified
 
 *328
 
 nuisance. The first is known also as nuisance
 
 per sesead
 
 the second as nuisance dependent on negligence.
 
 Taylor
 
 v.
 
 City of Cincinnati,
 
 143 Ohio St., 426, 55 N.. E. (2d), 724, 155 A. L. R., 44;
 
 Metzger
 
 v.
 
 Pennsylvania, Ohio & Detroit Rd. Co.,
 
 146 Ohio St., 406, 66 N. E. (2d),. 203.
 

 Assuming the truth of the allegations of the plaintiff’s. first cause of .action to which the demurrer was-filed, is an absolute nuisance shown?
 

 In the first paragraph of the syllabus in the
 
 Metsger case, supra,
 
 this court held:
 

 “An absolute nuisance, or nuisance
 
 per se,
 
 consists-of either a culpable and intentional act resulting in. harm, or an act involving culpable and unlawful conduct causing unintentional harm, or a nonculpable act resulting in accidental harm, for which, because of the hazards involved, absolute liability attaches notwithstanding the absence of‘fault.”
 

 In the second paragraph of the syllabus in the
 
 Taylor case, supra,
 
 this court said in part:
 

 “Absolute nuisance, for which strict liability or liability without fault is imposed by law, may be defined as * * * the collecting and keeping on one’s premises anything inherently dangerous or likely to do mischief, if it escapes, which, escaping, injures another in the enjoyment of his legal rights.”
 

 In laying the four-inch water main in West 24th street and thereafter raising the level of a portion of the street by placing thereon dirt, stones, etc., did the defendant city collect and keep on its premisés anything inherently dangerous or likely to escape and cause harm?
 

 The plaintiff does not- suggest that it was unlawful for the defendant city to lay the four-inch water main in West 24th street. On the contrary, the laying of mains in public streets- for the purpose of furnishing
 
 *329
 
 water for protection against fire and for the use of the inhabitants is universally recognized as proper, necessary and legal in modern cities. Nor is it contended that it was unlawful for the city to raise the level of that portion of West 24th street. Furthermore, under the circumstances alleged it is not apparent that the four-inch ■ water main was inherently dangerous and likely to burst or that water was likely to escape therefrom and cause harm; and it would ¡be equally difficult to conclude that the use of the dirt .and stones to raise the street level was inherently -dangerous or likely to cause harm either alone or by reason of the combined presence of the water main under the surface of the street.
 

 This is in conformity, with the general rule which is stated as follows in Ann. Cas. 1916C, 1050:
 

 “Water in an underground pipe is not such a dangerous instrumentality, as to require a person so con•veying it to confine it at his peril, and no recovery can be had for an injury to property caused by the leakage or bursting of an underground water pipe unless negligence in the construction or maintenance of the pipe is shown.”
 

 The following statement appears- in the case of
 
 McCord Rubber Co.
 
 v.
 
 St. Joseph Water Co.,
 
 181 Mo., 678, 81 S. W., 189:
 

 , “The plaintiff contends, however, that the defendants are liable regardless of whether they were guilty of any negligence directly causing the accident * * *. That contention rests for its authority on the decision in
 
 Rylands
 
 v.
 
 Fletcher,
 
 L. R. 3 H. L., 330. * * * There is a wide difference between a great volume of water collected in a reservoir in dangerous proximity to the premises of another and water brought into a house through pipes in the manner usual in all cities, for the ordinary use of the occupants of the house. Whilst
 
 *330
 
 water so brought into a house cannot literally be said? to have come in in the course of what might be called * * * ‘natural user’ * * * yet it is brought in by the method universally in use in cities and is not to be treated as an unnatural gathering of a dangerous agent. ’ ’
 

 The plaintiff relies on the decisions of this court in the three cases of
 
 Defiance Water Co.
 
 v.
 
 Olinger,
 
 54 Ohio St., 532, 44 N. E., 238, 32 L. R. A., 736;
 
 City
 
 of
 
 Mansfield
 
 v.
 
 Balliett,
 
 65 Ohio St., 451; 63 N. E., 86, 58 L. R. A., 628; and
 
 City of Barberton
 
 v.
 
 Miksch,
 
 128 Ohio St., 169, 190 N. E., 387. However, a study of each report discloses a clear distinction between it and the-instant case.
 

 In the
 
 Defiance case, supra,
 
 it is stated definitely that the plaintiff sought “to recover on account of injuries she claims to have received by reason of the-
 
 negligent
 
 manner in which the water company stored water on its own premises.” (Italics supplied.) It is-true that the writer of the opinion in that case did stray into a gratuitous discussion embracing the doctrine of the
 
 Fletcher case, supra,
 
 but in his concluding sentences he admitted that “in the case before us we are not required to apply it to its full extent, because-the defendant in error, in her amended petition, expressly avers
 
 negligence
 
 in the construction of the-standpipe, as well as a knowledge that it had afterward cracked and become weakened, a
 
 negligent
 
 failure to make repairs, and that the accident which caused her injuries was the direct result of such
 
 negligence.
 

 “Therefore, whether or not she could recover, in the
 
 absence
 
 of
 
 negligence,
 
 on the part of the water company in storing the water does
 
 not
 
 concern us at this' time, for however that may be, certainly one who, like defendant in error, is rightfully on premises adjoining-
 
 *331
 
 those upon which such substances are stored and is injured by their escape, should, upon the plainest principle of natural justice, recover from the proprietor storing the same, damages for such injury, where the ■escape was caused by negligence.” (Italics supplied.)
 

 Counsel concede that the
 
 obiter dictum
 
 does not constitute authority and that' it was omitted from the syllabus.
 

 The
 
 Mansfield
 
 and the
 
 Barberton cases, supra,
 
 were commented on in the opinion in the
 
 Taylor case, supra,
 
 ■on page 432 as follows:
 

 “Strict or absolute liability is always applied where one does anything, or permits anything under his control or direction, to be done, without just cause or ex•cuse, the necessary consequence of which interferes with or annoys another in the enjoyment of his legal rights. In such case the actor commits an intentional act involving a culpable wrong. Where the harm and resulting damage are the necessary consequences of just what the defendant is doing, or is incident to the activity itself or the manner in which it is conducted, the law of negligence has no application and the rule of .absolute liability applies. 4 Restatement of Torts, 405. * * * This court applied the rule in the cases of
 
 City of Mansfield
 
 v.
 
 Balliett,
 
 65 Ohio St., 451, 63 N. E., ;86, 58 L. R. A., 628 (pollution of stream by casting sewage therein) and
 
 City of Barberton
 
 v.
 
 Mihsch,
 
 128 Ohio St.,' 169, 190 N. E., 387 (continual and permanent flow of water upon lands of another by percolation .from a public reservoir).”
 

 In the
 
 Mansfield case, supra,
 
 the city constructed a •system of sewers whereby sewage was conducted into -a natural open stream or creek and thereby over and upon the plaintiff’s land continuously for a period of twelve years. In the
 
 Barberton case
 
 the known seepage and percolation from the city reservoir over the plaintiff’s land continued for. more than five years.
 

 
 *332
 
 Hence, in the instant case the lower courts were not in error in holding that in its first cause of action the plaintiff has not stated facts sufficient to show that the condition in West 24th street resulting in the claimed trespass was such as to constitute an absolute nuisance not requiring proof of negligence.
 

 The judgment sustaining the demurrer to' the first cause of action was correct.
 

 Judgment affirmed.
 

 Turner, Matthias, Hart, Zimmerman and Soiingen, JJ., concur.
 

 Stewart, J., concurs in paragraph one of the syllabus but dissents from paragraph two of the syllabus and from the judgment.