KOHLI ET AL., APPELLANTS, *v.* PUBLIC UTILITIES COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as Kohli *v.* Pub. Util. Comm. (1985), 18 Ohio St. 3d 12.]

(No. 84-1467—Decided June 19, 1985.)

*Teaford, Rich & Dorsey* and *Jeffrey A. Rich,* for appellants.

*Anthony J. Celebrezze, Jr.,* attorney general, *Robert S. Tongren* and *Amy Katzman,* for appellee.

*David M. Duwel,* for intervening appellee.

*Per Curiam.* The issue before this court is whether the commission acted against the manifest weight of the evidence. For the reasons set forth below we decline to adopt appellants' position and are compelled to affirm the commission.

R.C. 4905.22 states in pertinent part that, "[e]very public utility shall furnish necessary and adequate service and facilities, and every public

utility shall furnish and provide with respect to its business such instrumentalities and facilities, as are adequate and in all respects just and reasonable. * * *'' It is this language that appellants would have us construe to compel the utility to provide the special isolation transformer necessary to alleviate their electrical difficulties. Moreover, appellants would have us make this decision in the context of an appeal from a commission determination in response to an R.C. 4905.26 complaint as to service. From our standpoint today it is the procedural context of the claim which is determinative of the result.

In *Milligan* v. *Ohio Bell Tel. Co.* (1978), 56 Ohio St. 2d 191 [10 O.O.3d 352] this court held that an alleged violation of R.C. 4905.22 is within the exclusive jurisdiction of the Public Utilities Commission. We have stated that a commission order will not be disturbed unless it appears from the record that such finding and order are manifestly against the weight of the evidence and are so clearly unsupported by the record as to show misapprehension or mistake or willful disregard of duty. *Cleveland Elec. Illum. Co.* v. *Pub. Util. Comm.* (1975), 42 Ohio St. 2d 403 [71 O.O.2d 393], paragraph eight of the syllabus. The evidence adduced herein shows that part of the problem may have arisen from appellants' own electrical system. Evidence was also submitted to show that neutral-to-earth voltage is a normal incident of utility operations. Accordingly, we cannot say that the commission's decision to deny relief to appellants, based upon an R.C. 4905.22 claim, was unsupported by the record.

Appellants also request redress since they were not warned of the potential dangers of neutral-to-earth voltage although evidence was adduced to show that John Dunn, D.P. & L.'s engineering coordinator, had been aware of the potential dairy farm problems since 1975-1976. In the absence of a commission regulation or order, there is no precedent to expand R.C. Title 49 for a utility's failure to warn of a potential danger. The commission noted that such claims sounded in tort and were more properly cognizable before a court of competent jurisdiction. See *Thompson* v. *Ohio Fuel Gas Co.* (1967), 9 Ohio St. 2d 116 [38 O.O.2d 294]; cf. *Interstate Sash & Door Co.* v. *Cleveland* (1947), 148 Ohio St. 325 [35 O.O. 314].

While we are mindful of the plight of dairy farmers confronted by the difficulties in earning a living in today's economy, we must point out that appellant's attempts to pursue common-law rights were dismissed in *Kohli* v. *Dayton Power & Light* (June 11, 1984), Logan C.P. No. 83-622, unreported, for want of prosecution. As we have established previously in *Milligan, supra,* a court of competent jurisdiction is the appropriate forum for common-law tort actions and not the Public Utilities Commission. See, also, *New Bremen* v. *Pub. Util. Comm.* (1921), 103 Ohio St. 23.

Parenthetically, we would also remind the utilities that the range of their responsibilities to the public is not limited solely by industry standards and commission regulations. As Justice Oliver Wendell Holmes noted in *Texas & Pacific Ry. Co.* v. *Behymer* (1903), 189 U.S. 468, 470:

"What usually is done may be evidence of what ought to be done, but what ought to be done is fixed by a standard of reasonable prudence, whether it usually is complied with or not." With respect to a power company the standard is not merely reasonable prudence but is "the highest degree of care." *Hetrick* v. *Marion-Reserve Power Co.* (1943), 141 Ohio St. 347 [25 O.O. 467], paragraph two of the syllabus.

Based upon the procedural context of the case *sub judice* we are compelled, however, to affirm the order of the commission in this specific instance. We would, however, urge the commission to adopt guidelines in determining maximum neutral-to-ground levels and seriously consider whether the costs of alleviating the problem should be spread among all consumers as an economic cost of electricity usage. Moreover, we would urge the utilities to warn their consumers of the potential dangers of neutral-to-earth voltage.

*Order affirmed.*

SWEENEY, LOCHER, HOLMES and WRIGHT, JJ., concur.

CELEBREZZE, C.J., C. BROWN and DOUGLAS, JJ., dissent.