THE STATE EX REL. OHIO EDISON COMPANY, APPELLANT,
*v.* SHAKER, JUDGE, APPELLEE.

[Cite as *State ex rel. Ohio Edison Co. v.
Shaker* (1994), 68 Ohio St.3d 209.]

(No. 93–1533—Submitted November 9, 1993—Decided February 2, 1994.)

*Roderick, Myers & Linton, Robert F. Linton* and *Matthew W. Oby,* for appellant.

*Dennis Watkins,* Trumbull County Prosecuting Attorney, and *Patrick F. McCarthy,* Assistant Prosecuting Attorney, for appellee.

---

*Per Curiam.* For a writ of prohibition to issue, the respondent must be about to exercise judicial or quasi-judicial power, the exercise of that power must be unauthorized by law, and refusal of the writ must result in injury for which no other adequate legal remedy exists. *State ex rel. Albright v. Delaware Cty. Court of Common Pleas* (1991), 60 Ohio St.3d 40, 572 N.E.2d 1387; *State ex rel. Lewis v. Warren Cty. Court of Common Pleas* (1990), 52 Ohio St.3d 249, 556 N.E.2d 1184.

It is undisputed that Judge Shaker has exercised jurisdiction and that if not restrained he will exercise further judicial power. Ohio Edison argues that Judge Shaker lacks subject-matter jurisdiction over the complaint and that such lack of jurisdiction is so patent and unambiguous as to render immaterial the availability of appeal from the order denying summary judgment. See *State ex rel. Butler Cty. Bd. of Commrs. v. Court of Common Pleas* (1978), 54 Ohio St.2d

354, 8 O.O.3d 359, 376 N.E.2d 1343; *State ex rel. Pearson v. Moore* (1990), 48 Ohio St.3d 37, 548 N.E.2d 945.

In *Kazmaier Supermarket, Inc. v. Toledo Edison Co.* (1991), 61 Ohio St.3d 147, 573 N.E.2d 655, we found that although the General Assembly has granted the commission exclusive jurisdiction to hear and determine rate and service-related matters, see *State ex rel. N. Ohio Tel. Co. v. Winter* (1970), 23 Ohio St.2d 6, 52 O.O.2d 29, 260 N.E.2d 827; *Ohio Transport, Inc. v. Pub. Util. Comm.* (1955), 164 Ohio St. 98, 57 O.O. 108, 128 N.E.2d 22, the basic jurisdiction of the court of common pleas is not diminished in other areas of possible claims against utilities, including pure tort and contract claims. See *Milligan v. Ohio Bell Tel. Co.* (1978), 56 Ohio St.2d 191, 10 O.O.3d 352, 383 N.E.2d 575 (invasion of privacy); *Kohli v. Pub. Util. Comm.* (1985), 18 Ohio St.3d 12, 18 OBR 10, 479 N.E.2d 840 (failure to warn); *Marketing Research Serv., Inc. v. Pub. Util. Comm.* (1987), 34 Ohio St.3d 52, 517 N.E.2d 540 (breach of contract).

Ohio Edison argues that, although plaintiffs' complaint sounds in tort and nuisance, it actually alleges inadequate service.[1] In *State ex rel. The Ohio Company v. Maschari* (1990), 51 Ohio St.3d 18, 553 N.E.2d 1356, we considered a similar question in which the basis of the claim was disputed. We held that the trial court had the authority to determine its own jurisdiction in such circumstances and denied the writ. Here, Judge Shaker has made the initial determination that plaintiffs' complaint asserted genuine tort claims. R.C. Chapter 4905 does not prevent him from proceeding on that basis. Accordingly, we affirm the judgment of the court of appeals denying the writ and find that Ohio Edison's appropriate remedy is through appeal.

*Judgment affirmed.*

MOYER, C.J., A.W. SWEENEY, DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.

---

1. Ohio Edison does not attempt to reconcile its position with plaintiffs' claim that Ohio Edison failed to warn the general public of the power interruption and our decision in *Kohli, supra.*