OPINION
{¶ 1} Pro-se Relator has filed an original action in prohibition against the trial court which presided over a conservatorship involving Relator. Rulings issued in the conservatorship are under review in Appeals Case No. 01-BA-13.
 {¶ 2} The Relator herein has filed a motion to bar the prosecutor's office from representing Respondent. On October 29, 2002 Relator filed a "Notice and Motion to Amend Complaint." Respondent, by an assistant prosecuting attorney has filed a motion to dismiss, arguing that original actions are not proper filings to secure the relief sought. Moreover, Respondent asserts that as regards the amended complaint, the Clerk has fully complied in transmitting a complete record and there is no merit to the complaint.
 {¶ 3} Interestingly, on October 29, 2002 Relator also filed a Notice of Dismissal under Civ.R. 41(A). Regardless, this Court will proceed to consider the motions to dismiss filed by Respondent as to the original complaint and the amended complaint.
 {¶ 4} Relator asserts that the Respondent lacked any jurisdiction to enter any judgment involving property of the Relator. This claim is substantially the same that is raised by Relator in his direct appeal, wherein he is questioning the authority of the probate court to act at all, since he is not "physically infirm," which is arguably a required statutory element.
 {¶ 5} As held in State ex rel. Ohio Edison Co. v. Shaker (1994),68 Ohio St.3d 209, "For a writ of prohibition to issue, the respondent must be about to exercise judicial or quasi-judicial power, the exercise of that power must be unauthorized by law, and refusal of the writ must result in injury for which no other adequate legal remedy exists."
 {¶ 6} As previously stated, Relator is pursuing an available legal remedy through direct appeal from the judgments issued in the conservatorship. Furthermore, the probate court is authorized by law to hear conservatorship proceedings. R.C. 2101.24 and R.C. 2111.021.
 {¶ 7} In this case Respondent has fully exercised the jurisdiction provided by law and entered final judgment in the conservatorship. The extraordinary writ of prohibition is designed to prevent the unauthorized exercise of judicial power, not to challenge jurisdiction after it has been exercised.
 {¶ 8} Relator has failed to state a claim upon which relief could be granted through the issuance of an extraordinary writ.
 {¶ 9} Complaint and amended complaint are dismissed. Costs of this proceeding taxed against Relator.
 {¶ 10} Final order. Clerk to serve notice as provided by the civil rules.
Donofrio, J., Vukovich, J. and Waite, J., concurs.