ALLSTATE INSURANCE COMPANY, APPELLANT, *v.* CLEVELAND
ELECTRIC ILLUMINATING COMPANY, APPELLEE.

[Cite as *Allstate Ins. Co. v. Cleveland Elec. Illum.
Co.,* 119 Ohio St.3d 301, 2008-Ohio-3917.]

(No. 2007–0452—Submitted February 26, 2008—Decided August 12, 2008.)

PFEIFER, J.

{¶ 1} Appellant Allstate Insurance Company contends that the trial court had jurisdiction to determine its subrogation claim against appellee Cleveland Electric Illuminating Company ("CEI"). Allstate alleged that CEI was negligent in failing to respond to a customer's service call and that Allstate was obligated to pay claims to two of its insureds when a fire and property damage occurred. This case comes down to a simple question: Is the claim underlying Allstate's subrogation claim service-related or is it a pure common-law tort claim? Because we conclude that Allstate's claim arises from a common-law tort and is outside the expertise of the Public Utility Commission of Ohio ("PUCO"), we hold that Allstate's claim was properly tried in the court of common pleas.

**Facts and Procedural History**

{¶ 2} On the morning of July 20, 2005, Margaret Harris and her daughter, Lisa Little, noticed that a large tree limb had broken and was leaning on service wires connected to the duplex where they lived. The tension from the limb had caused the electrical service mast to pull away from the duplex; it appeared to Harris and Little that a wire had snapped. Harris called CEI before noon to report the situation. She spoke with a customer service representative, who entered the information into the company's system. After a couple of hours passed without a response from CEI, Harris called again. Again, there was no response from CEI. Harris called a final time before 5:00 p.m. Shortly after this final call, the wires broke and the resulting sparks set the duplex on fire. Harris called the fire department, which arrived promptly, but it was unable to prevent extensive damage. CEI finally arrived at the Harris residence after the fire had started.

{¶ 3} Harris and her neighbor Anna Kaplan both submitted claims for damages under their respective Allstate homeowner's insurance policies. Allstate paid

$149,357.34 to Harris and $12,435.13 to Kaplan, and then filed a subrogation claim in the Cuyahoga County Court of Common Pleas, alleging that CEI was negligent in failing to respond to the emergency calls.

{¶ 4} Shortly after Allstate filed its complaint, CEI moved the trial court to dismiss for lack of subject-matter jurisdiction, pursuant to Civ.R. 12(B)(1), arguing that PUCO has exclusive jurisdiction of all claims relating to electrical service. The trial court denied CEI's motion, and a trial proceeded. A jury found CEI 100 percent negligent and awarded Allstate $161,792.47 in damages, the amount it had paid to Harris and Kaplan. CEI appealed, alleging, among other things, that the trial court did not have jurisdiction to hear the case. The court of appeals reversed and remanded, instructing the trial court to dismiss the action based on its determination that PUCO has exclusive jurisdiction over the matter. We accepted Allstate's discretionary appeal.

### Analysis

{¶ 5} PUCO has exclusive jurisdiction over most matters concerning public utilities. "The General Assembly, by the enactment of statutory provisions requiring a public utility to file and adhere to rate schedules, forbidding discrimination among its customers, prohibiting free service, and providing a detailed procedure for service and rate complaints, has lodged exclusive jurisdiction in such matters in the Public Utilities Commission, subject to review by the Supreme Court." *State ex rel. N. Ohio Tel. Co. v. Winter* (1970), 23 Ohio St.2d 6, 52 O.O.2d 29, 260 N.E.2d 827, paragraph one of the syllabus.

{¶ 6} That PUCO has exclusive jurisdiction over service-related matters does not diminish "the basic jurisdiction of the court of common pleas * * * in other areas of possible claims against utilities, including pure tort and contract claims." *State ex rel. Ohio Edison Co. v. Shaker* (1994), 68 Ohio St.3d 209, 211, 625 N.E.2d 608. See *Kazmaier Supermarket, Inc. v. Toledo Edison Co.* (1991), 61 Ohio St.3d 147, 154, 573 N.E.2d 655 ("pure common-law tort claims may be brought against utilities in the common pleas court"); *Milligan v. Ohio Bell Tel. Co.* (1978), 56 Ohio St.2d 191, 195, 10 O.O.3d 352, 383 N.E.2d 575 (claim that telephone company invaded customer's privacy was actionable in common pleas court); see also *Kohli v. Pub. Util. Comm.* (1985), 18 Ohio St.3d 12, 14, 18 OBR 10, 479 N.E.2d 840 (PUCO noted in its decision that a failure to warn landowners of dangers regarding voltage sounded in tort and was more properly cognizable in common pleas court). Moreover, PUCO is not a court and has no power to judicially ascertain and determine legal rights and liabilities. *State ex rel. Dayton Power & Light Co. v. Riley* (1978), 53 Ohio St.2d 168, 170, 7 O.O.3d 317, 373 N.E.2d 385. See *New Bremen v. Pub. Util. Comm.* (1921), 103 Ohio St. 23, 30–31, 132 N.E. 162 (PUCO "has no power to judicially ascertain and determine legal rights and liabilities").

{¶ 7} We must determine whether PUCO has exclusive jurisdiction over the subrogation claim filed by Allstate against CEI. To do that, we must determine whether the claim is service-related or whether it involves a common-law tort. As a preliminary matter, we categorically reject CEI's implicit argument that everything it does is service-related. See *Harris v. Ohio Edison Co.* (Aug. 17, 1995), Mahoning App. No. 94 C.A. 84, 1995 WL 494584 (PUCO does not have exclusive jurisdiction over every action of a public utility).

{¶ 8} Allstate's complaint alleges that CEI was negligent. Negligence is a common-law tort. At one time, the mere allegation that a complaint sounded in tort may have been enough to confer jurisdiction on the court of common pleas. See *Milligan*, 56 Ohio St.2d at 195, 10 O.O.3d 352, 383 N.E.2d 575 (a complaint sounding in tort "confers power upon the court [of common pleas] to hear the claim, and it is incumbent for it to do so unless the claim is alleged solely for the purpose of obtaining jurisdiction or is wholly insubstantial or frivolous"). We have held, however, that in cases involving public utilities, jurisdiction is not conferred based solely on pleadings. *State ex rel. Columbia Gas of Ohio, Inc. v. Henson*, 102 Ohio St.3d 349, 2004-Ohio-3208, 810 N.E.2d 953, ¶ 19 (mere fact that allegations were cast so as "to sound in tort is insufficient to confer jurisdiction upon the common pleas court"). See *State ex rel. Illum. Co. v. Cuyahoga Cty. Court of Common Pleas*, 97 Ohio St.3d 69, 2002-Ohio-5312, 776 N.E.2d 92, ¶ 21.

{¶ 9} In *Henson*, the complaint alleged that Columbia Gas had tortiously interfered with a business relationship. 102 Ohio St.3d 349, 2004-Ohio-3208, 810 N.E.2d 953, at ¶ 18. The substance of the claim involved "Columbia Gas's termination and restoration of natural-gas service." Id. at ¶ 20. We determined that the claim was service-related and therefore within the exclusive jurisdiction of PUCO. Id. In *Kazmaier*, despite the nature of the allegation, the substance of the claim involved a dispute over the rate charged, a matter patently within the jurisdiction of PUCO. 61 Ohio St.3d at 153, 573 N.E.2d 655. Most claims are not so close to one end of the continuum between rate- or service-related and common-law tort.

{¶ 10} In the present case, both parties make strong arguments for why they should prevail. CEI argues that if it was negligent, it was negligent regarding its own policies and procedures relating to service calls, and determinations regarding a public utility's policies and procedures are within the exclusive jurisdiction of PUCO. Allstate argues that CEI had a duty to exercise reasonable care for the safety of Harris's property, that CEI breached that duty, and that determinations regarding negligence are within the jurisdiction of the court of common pleas. We concede that the distinction between the two arguments is a fine one.

{¶ 11} Trial courts determine their own jurisdiction. *State ex rel. Ohio Edison Co. v. Shaker* (1994), 68 Ohio St.3d 209, 211, 625 N.E.2d 608. Their determinations, however, can be challenged, as was done in this case. To help us and all other courts determine when a trial court's determination that it, not PUCO, has jurisdiction over a case involving a public utility alleged to have committed a tort, we hereby adopt the following test from *Pacific Indemn. Ins. Co. v. Illum. Co.*, Cuyahoga App. No. 82074, 2003-Ohio-3954, 2003 WL 21710787, ¶ 15:

{¶ 12} "First, is PUCO's administrative expertise required to resolve the issue in dispute? Second, does the act complained of constitute a practice normally authorized by the utility?"

{¶ 13} If the answer to either question is in the negative, the claim is not within PUCO's exclusive jurisdiction.

{¶ 14} We now apply this test to the case before us. The substance of Allstate's claim is that CEI was negligent in failing to respond to emergency calls from the Harris residence. This claim is no different from those brought against a business that negligently fails to correct a known dangerous condition on its property. See *Kohli*, 18 Ohio St.3d at 14, 18 OBR 10, 479 N.E.2d 840 (failure to warn landowners of dangers regarding voltage sounded in tort). The ultimate question in this case is whether the delay between CEI's receipt of the emergency calls and arrival at the Harris residence was reasonable. That issue is particularly appropriate for resolution by a jury. The expertise of PUCO is not necessary to the resolution of this case. Accordingly, PUCO does not have exclusive jurisdiction over this case.

{¶ 15} CEI claims that it has guidelines in place that govern how it responds to emergency calls. CEI argues that its guidelines constitute a "practice * * * relating to any service furnished by the public utility," R.C. 4905.26, and, therefore, that Allstate's claim is service-related and is within the exclusive jurisdiction of PUCO. The test we adopt today is not conjunctive; we need not address the second question because the answer to the first question—whether the utility's action constitutes a practice normally authorized by the utility—is that PUCO does not have exclusive jurisdiction. Moreover, we are not persuaded that a guideline that allows an emergency call to go without response for over six hours can be relied upon to avoid the general jurisdiction of the court of common pleas.

## Conclusion

{¶ 16} Allstate's claim of negligence was properly before the court of common pleas. Moreover, even if Allstate had taken its complaint to PUCO, the commission lacks the authority to "determine legal rights and liabilities." *New Bremen*, 103 Ohio St. at 30–31, 132 N.E. 162. It would have been wasteful and futile for

Allstate to seek subrogation through PUCO. We conclude that the trial court properly determined that it had jurisdiction of this tort action and that it properly denied CEI's motion to dismiss. We reverse the judgment of the court of appeals. Because the court of appeals' erroneous disposition of the issue before us led it to hold that CEI's remaining assignments of error were moot, we remand to the court of appeals for consideration of those issues.

> Judgment reversed
> and cause remanded.

MOYER, C.J., and LUNDBERG STRATTON, O'CONNOR, O'DONNELL, and LANZINGER, JJ., concur.

CUPP, J., concurs in judgment only.

————————

Grotefeld & Hoffmann, L.L.P., Lynn K. Weaver, and Mark S. Grotefeld; and McCarthy, Lebit, Crystal & Liffman Co., L.P.A., and Leslie E. Wargo, for appellant.

Calfee, Halter & Griswold, L.L.P., Thomas I. Michals, and Anthony F. Stringer, for appellee.