[Cite as *Rafalski v. Dominion E. Ohio Co.*, 2011-Ohio-2931.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 95908**

## LAWRENCE RAFALSKI

PLAINTIFF-APPELLANT

vs.

## DOMINION EAST OHIO CO., ET AL.

DEFENDANTS-APPELLEES

**JUDGMENT:**
**AFFIRMED**

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-728030

BEFORE:     Keough, J., Sweeney, P.J., and E. Gallagher, J.

RELEASED AND JOURNALIZED:   June 16, 2011

**FOR APPELLANT**

Lawrence Rafalski, pro se
6916 Worley Avenue
Cleveland, OH 44105

**ATTORNEY FOR APPELLEES**

Kathryn M. Miley
Wilkerson & Associates Co., LPA
1422 Euclid Avenue
Suite 248
Cleveland, OH 44115

KATHLEEN ANN KEOUGH, J.:

{¶ 1} Plaintiff-appellant, Lawrence Rafalski, pro se, appeals from the trial court's judgment dismissing his complaint. We affirm.

## I. Background

{¶ 2} Rafalski filed suit against defendants-appellees, East Ohio Gas Company, Dominion East Ohio Company,[1] and two employees of East Ohio Gas Company. In response to appellees' motion to dismiss, Rafalski sought and was granted leave to file an amended complaint, and later a second amended complaint. The caption on the second amended complaint stated that it was for "negligence, intentional torts, fraud, malice, disparagement,

---

[1] A non-existent entity, according to appellees.

[and] infliction of emotional distress."

{¶ 3} In the second amended complaint, Rafalski alleged that in February 2009, Dominion sent him a letter informing him that it wanted access to his home to inspect the gas meter subsequent to a fire on the premises, and further advising him that it would turn off his gas service if such access were not promptly provided. Rafalski alleged that he informed Dominion by letter that access could not readily be provided due his injuries from a fire in the home. Rafalski alleged that he sent a copy of this letter to East Ohio Gas Company.

{¶ 4} Rafalski further alleged that neither Dominion nor East Ohio Gas Company responded to his reply, but Dominion subsequently sent him a letter informing him it planned to shut off the gas service to his home because he had not responded to the first letter.

{¶ 5} Rafalski alleged that he again responded by letter to Dominion and East Ohio Gas Company and again received no response. Dominion then sent Rafalski a third letter in which it advised him that gas service at his home would be discontinued due to his failure to respond to Dominion's earlier letters.

{¶ 6} Rafalski's second amended complaint alleged that he sent another letter to Dominion and East Ohio Gas Company, and also contacted Sherry Jones, an employee of East Ohio Gas Company. He alleged that Ms. Jones

"unreasonably refused" to investigate whether his earlier letters had been received by the company and "treated him with contempt." Rafalski asserted that he subsequently sent Jones a letter advising that he would pay his account in full and requesting that his service not be shut off. According to the second amended complaint, Jones did not respond to Rafalski's letter and in May 2009, East Ohio Gas Company disconnected gas service to his home.

{¶ 7} Rafalski's complaint further alleged that after the gas service to his home had been shut off, Roxie Edwards, an employee of Dominion and/or East Ohio Gas Company, sent him a letter apologizing for the defendants' "communication shortcomings" and offering to arrange for inspection of the gas meter in his home so that his gas service would not be shut off. Rafalski alleged that he called Edwards and informed her that he "deeply resented" her letter in light of the circumstances.

{¶ 8} Appellees subsequently renewed their motion to dismiss the second amended complaint under Civ.R. 12(B)(1) and 12(B)(6) for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. They argued that the trial court lacked jurisdiction because Ohio's Public Utilities Commission has exclusive jurisdiction over rate and service complaints, such as Rafalski's, regarding public utilities. They further asserted that for various reasons the second amended complaint failed to state a claim upon which relief can be granted. The trial court

subsequently granted appellees' motion without opinion.

## II. Standard of Review

{¶ 9} Civ.R. 12(B)(1) permits dismissal where the trial court lacks jurisdiction over the subject matter of the litigation. *Ferren v. Cuyahoga Cty. Dept. of Children & Family Serv.*, 8th Dist. No. 92294, 2009-Ohio-2359, ¶3. In ruling on a motion made pursuant to Civ.R. 12(B)(1), the court must determine "whether any cause of action cognizable by the forum has been raised in the complaint." Id. An appellate court considers the issue de novo, reviewing the issue independently of the trial court's decision. Id.; *D'Agnese v. Holleran*, 8th Dist. No. 83367, 2004-Ohio-1795, ¶23.

{¶ 10} A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint. *Chapman v. S. Pointe Hosp.*, 186 Ohio App.3d 430, 2010-Ohio-152, 928 N.E.2d 777, at ¶7. A complaint should not be dismissed for failure to state a claim upon which relief can be granted unless it appears beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery. *O'Brien v. Univ. Comm. Tenants Union, Inc.* (1975), 42 Ohio St.2d 242, 245, 327 N.E.2d 753. We review an entry of dismissal de novo, affording no deference to the trial court's decision. *Chapman* at ¶9.

## III. Subject Matter Jurisdiction

{¶ 11} "The General Assembly has created a broad and comprehensive

statutory scheme for regulating the business activities of public utilities. R.C. Title 49 sets forth a detailed statutory framework for the regulation of utility service and the fixation of rates charged by public utilities to their customers. As part of that scheme, the legislature created the Public Utilities Commission and empowered it with broad authority to administer and enforce the provisions of Title 49." *Kazmaier Supermarket, Inc. v. Toledo Edison Co.* (1991), 61 Ohio St.3d 147, 150, 573 N.E.2d 655.

{¶ 12} "The commission has exclusive jurisdiction over various matters involving public utilities, such as rates and charges, classifications, and service, effectively denying to all Ohio courts [except the Supreme Court] any jurisdiction over such matters." *State ex rel. Cleveland Elec. Illum. Co. v. Cuyahoga Cty. Court of Common Pleas* (2000), 88 Ohio St.3d 447, 450, 727 N.E.2d 900. The commission's exclusive jurisdiction includes complaints regarding the termination of service by public utilities. *State ex rel. Columbia Gas of Ohio, Inc. v. Henson*, 201 Ohio St.3d 349, 2004-Ohio-3208, 810 N.E.2d 953, at ¶17. See, also, *Higgins v. Columbia Gas of Ohio, Inc.* (2000), 136 Ohio App.3d 198, 202, 736 N.E.2d 92 ("refusal or termination of service by a public utility is a matter which is in the exclusive jurisdiction of the [commission], subject to an appeal to the Ohio Supreme Court").

{¶ 13} To determine whether the commission has exclusive jurisdiction over a claim, the court must determine "(1) whether the commission's

administrative expertise is required to resolve the disputed issue, and (2) whether the act complained of constitutes a practice normally authorized by the utility." *State ex rel. Duke Energy Ohio, Inc. v. Hamilton Cty. Court of Common Pleas*, 126 Ohio St.3d 41, 2010-Ohio-2450, 930 N.E.2d 299, at ¶21, citing *Corrigan v. Illum. Co.*, 122 Ohio St.3d 265, 2009-Ohio-2524, 910 N.E.2d 1009, ¶11.

{¶ 14} In this case, it is apparent that Rafalski's claims are service-related claims that are within the exclusive jurisdiction of the commission. First, as appellees contend, Rafalski claims that Dominion and its employees acted unreasonably must be evaluated in light of complex state, federal, and administrative law regarding the termination of service, requiring the commission's expertise to evaluate the claims.

{¶ 15} Moreover, the acts that Rafalski complains of are practices normally authorized by the utility under the law, i.e., the termination of utility service. In his second amended complaint, Rafalski complained about communications from Dominion allegedly threatening to terminate his gas service if he did not allow access to his gas meter. Rafalski also complained that he was advised that if terminated, his service would not be reinstated unless he allowed inspection of the meter. The procedures a utility must follow to terminate service are dictated by law. See R.C. 4933.12 and O.A.C. 4901:1-18-07. Furthermore, inspection of Rafalski's gas meter was required

by law. See 49 C.F.R. 192.723. Accordingly, under the test set forth in *Duke*, supra, the commission has exclusive jurisdiction over Rafalski's complaint and the trial court did not err in dismissing the second amended complaint for lack of subject matter jurisdiction.

{¶ 16} Rafalski argues in his first assignment of error, however, that the trial court erred in dismissing his complaint for lack of subject matter jurisdiction because he did not assert any claims *against* the commission. This argument misses the mark: Rafalski's claims must be filed *with* the commission, not against it. The first assignment of error is therefore overruled.

{¶ 17} Similarly, in his third assignment of error, Rafalski contends that the trial court should not have dismissed his case because appellees are not state agencies and the court of claims is not the proper forum for his claims. This argument is also without merit. Appellees are indeed not state agencies and as discussed above, jurisdiction resides with the commission, not the court of claims. Rafalski's third assignment of error is therefore overruled.

{¶ 18} In his second assignment of error, Rafalski contends that the trial court had jurisdiction over his claims because they are tort claims, and not claims involving utility rates or business practices, which Rafalski concedes are properly determined by the commission. But Rafalski's attempt to characterize his claims as tort claims does not avoid the jurisdictional

outcome. As the Ohio Supreme Court recognized in *Duke*, supra, "although some of [plaintiff's] claims in the civil action are couched in terms of tort and contract, they are insufficient to confer jurisdiction on the common pleas court because it is manifest that these claims are based upon violations of public-utility laws, which are within the exclusive initial jurisdiction of the commission to determine." Id. at ¶24. Similarly, in this case, although he calls his claims "torts," Rafalski's claims are service-related claims that are under the exclusive jurisdiction of the commission. The second assignment of error is therefore overruled.

{¶ 19} In his fourth assignment of error, Rafalski argues that the trial court's dismissal for lack of subject matter jurisdiction denied him his common law and constitutional right to a jury trial. Rafalski never raised this argument in the trial court and, accordingly, has waived it for purposes of appeal. *Stores Realty Co. v. Cleveland* (1975), 41 Ohio St.2d 41, 43, 322 N.E.2d 629. The fourth assignment of error is therefore overruled.

## IV. Failure To State A Claim Upon Which Relief Can Be Granted

{¶ 20} Appellees characterized their renewed motion to dismiss as a "motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted." The trial court's judgment entry granted the motion, but did not specify whether it was granting the motion under Civ.R. 12(B)(1) (lack of subject matter jurisdiction) or 12(B)(6)

(failure to state a claim upon which relief can be granted).

{¶ 21} In his fifth assignment of error, Rafalski contends that the trial court's dismissal was based on lack of subject matter jurisdiction only and that the trial court made no determination regarding the sufficiency of the complaint. Because our review is de novo, we consider whether the complaint fails to state any claims upon which relief can be granted.

{¶ 22} With respect to individual defendant Sherry Jones, Rafalski alleged that Jones "unreasonably refused to use her authority as defendants' agent and employee to postpone the impending shutoff," "unreasonably refused to have the defendants acknowledge that the plaintiff had, indeed, not failed to respond to defendant Dominion's prior letters," and "unreasonably refused" to provide Rafalski with privileged information. These allegations do not state a claim against Ms. Jones: there is no indication what duty she owed to Rafalski and there is no cause of action for "unreasonableness."

{¶ 23} With respect to individual defendant Roxie Edwards, Rafalski alleged that Edwards delivered a letter to him after the gas to his property had been shut off "for the purpose of further taunting and mistreating" him. This is not a cause of action.

{¶ 24} As to Rafalski's claims against East Ohio Gas Company and Dominion East Ohio Company, the caption on the second amended complaint

identified claims for "negligence, intentional torts, fraud, malice, disparagement, [and] infliction of emotional distress" with a prayer for compensatory damages and injunctive relief "against further damaging conduct" by appellees. But the second amended complaint failed to adequately plead all but one of these claims. There is no claim for "intentional tort" and the second amended complaint does not specify what intentional tort it is alleging. The claim for fraud is not pled with specificity, as required by Civ.R. 9(B). Furthermore, although malice is an element of some claims or may be grounds for seeking punitive damages, it is not a separate cause of action. *Dickson & Campbell, LLC v. Marshall*, 8th Dist. No. 90963, 2010-Ohio-2878, ¶10. Likewise, "disparagement" is not a cause of action.

{¶ 25} Similarly, there is no such claim as "infliction of emotional distress," and the second amended complaint does not state a claim for either negligent or intentional infliction of emotional distress. Negligent infliction of emotional distress may occur where "the plaintiff has either witnessed or experienced a dangerous accident and/or was subjected to an actual physical peril." *Kulch v. Structural Fibers, Inc.* (1977), 78 Ohio St.3d 134, 162-63, 327 N.E.2d 753. That does not apply to the situation here. Nor does the second amended complaint state a claim for intentional infliction of emotional distress, which requires, among other things, "extreme and outrageous"

conduct that is "beyond all possible bounds of decency" and resulting in mental anguish "so serious and of a nature that no reasonable man could be expected to endure it." *Pyle v. Pyle* (1983), 11 Ohio App.3d 31, 34, 463 N.E.2d 98.

{¶ 26} With respect to Rafalski's request that the court order appellees to "refrain from further harassment, disparagement, or mistreatment" of him and "any conduct that would tend to cause further anxiety and/or emotional distress" to him, we find that the request is not specific enough to even be possible.

{¶ 27} Finally, although the caption of the second amended complaint stated that it was claiming negligence, in the body of the complaint, Rafalski specifically stated that he "does not allege that defendants were not legally permitted to disconnect plaintiff's gas service * * *." As appellees point out, he thereby negated the only cause of action that was even hinted at in the second amended complaint.

{¶ 28} Accordingly, we find that the second amended complaint failed to state a claim upon which relief can be granted and, therefore, the trial court did not err in granting appellees' motion to dismiss. The fifth assignment of error is overruled.

Affirmed.

It is ordered that appellees recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


KATHLEEN ANN KEOUGH, JUDGE

JAMES J. SWEENEY, P.J., and
EILEEN A. GALLAGHER, J., CONCUR