[Cite as *Brown v. E. Ohio Gas Co.*, 2011-Ohio-6443.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 96815**

## BRUCE ANDREW BROWN, ET AL.

PLAINTIFFS-APPELLANTS

vs.

## THE EAST OHIO GAS CO., ET AL.

DEFENDANTS-APPELLEES

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-743533

**BEFORE:**   S. Gallagher, J., Stewart, P.J., and Rocco, J.

**RELEASED AND JOURNALIZED:**   December 15, 2011

**FOR APPELLANTS**

Bruce Andrew Brown, pro se
820 West Superior Avenue
Suite 840
Cleveland, OH 44113

**Attorney for B. Andrew Brown & Associates, LLC**

Jason Ralls
11811 Shaker Blvd.
Suite 420
Cleveland, OH 44120

**ATTORNEYS FOR APPELLEES**

Matthew R. Rechner
Mary K. Alexander
Richard W. Cline
Michael L. Snyder
Richard D. Summers
McDonald Hopkins LLC
600 Superior Avenue, East
Suite 2100
Cleveland, OH 44114

SEAN C. GALLAGHER, J.:

{¶ 1} Appellants Bruce Andrew Brown and B. Andrew Brown & Associates, LLC (collectively "appellants"), appeal the decision of the trial court in Cuyahoga County Case No. CV-743533 in which the trial court granted The East Ohio Gas Company, Inc.'s ("EOG") motion to dismiss pursuant to Civ.R. 12(B)(6). For the following reasons, we affirm the decision of the trial court.

**{¶ 2}** In April 2010, appellants filed a complaint in Cuyahoga County Case No. CV-724016 against Suzanne Charlton, alleging that she failed to fulfill her fiduciary duties as Brown's attorney in fact. Appellants unsuccessfully sought to file a second amended complaint, which included a claim against EOG for negligently terminating gas services. Appellants filed a separate action, Case No. CV-743533, to assert their claim against EOG.

**{¶ 3}** In December 2009, Charlton sent a written request to discontinue gas service to a property ("Penfield property") owned by Brown & Associates. The gas-service account was in Brown's name. EOG honored Charlton's request and terminated gas service to the Penfield property, which was heated by a gas-powered furnace. The water service remained active despite the lack of heat in the property. As expected, the home's water pipes burst causing damage. Appellants alleged that EOG was negligent in discontinuing the gas service at the request of a third party. The trial court granted EOG's motion and dismissed appellants' complaint with prejudice.[1] Appellants timely appealed, raising one assignment of error, which provides as follows: "The trial court erred, as a matter of law, by granting a dismissal in favor of the defendant-appellee, [EOG], pursuant to Rule 12(B)(6), Ohio Rules of Civil Procedure." For the following reasons, appellants' sole assignment of error is overruled.

---

[1]We note that appellants' complaint also alleged claims against Charlton that were dismissed pursuant to a settlement.

**{¶ 4}** We review an order dismissing a complaint for failure to state a claim for relief de novo. *Perrysburg Twp. v. Rossford*, 103 Ohio St.3d 79, 2004-Ohio-4362, 814 N.E.2d 44. When reviewing a Civ.R. 12(B)(6) motion to dismiss, we must accept the material allegations of the complaint as true and make all reasonable inferences in favor of the plaintiff. *Johnson v. Microsoft Corp.*, 106 Ohio St.3d 278, 280, 2005-Ohio-4985, 834 N.E.2d 791. For a defendant to prevail on the motion, it must appear from the face of the complaint that the plaintiff can prove no set of facts that would justify a court in granting relief. Id.

**{¶ 5}** EOG moved to dismiss the complaint solely on the grounds that appellants alleged, in the proposed second amended complaint filed in Case No. CV-724016, that Charlton was appellants' attorney in fact, reasoning that EOG was justified in relying on Charlton's request as appellants' agent. EOG attached the proposed second amended complaint as an exhibit to its motion to dismiss. We need not address the issues argued by the parties. The dispositive issue is whether the trial court had subject matter jurisdiction over the claim asserted by appellants against EOG.

**{¶ 6}** That the trial court relied on Civ.R. 12(B)(6) rather than Civ.R. 12(B)(1), lack of subject matter jurisdiction, in dismissing appellants' complaint is irrelevant to our discussion. Appellate courts may sua sponte consider subject matter jurisdiction even if not raised in the lower courts. *State ex rel. White v. Cuyahoga Metro. Hous. Auth.*, 79 Ohio St.3d 543, 1997-Ohio-366, 684 N.E.2d 72; Civ.R. 12(H)(3).

{¶ 7} R.C. 4905.22 confers exclusive jurisdiction over various matters involving public utilities to the Public Utilities Commission of Ohio ("PUCO"), effectively denying jurisdiction to all Ohio courts over claims, such as those dealing with rates and charges, classifications, and service. *State ex rel. Columbia Gas of Ohio, Inc. v. Henson*, 102 Ohio St.3d 349, 2004-Ohio-3208, 810 N.E.2d 953, ¶ 16. This "does not diminish 'the basic jurisdiction of the court of common pleas * * * in other areas of possible claims against utilities, including pure tort and contract claims.'" *Allstate Ins. Co. v. Cleveland Elec. Illuminating Co.*, 119 Ohio St.3d 301, 2008-Ohio-3917, 893 N.E.2d 824, ¶ 6, citing *State ex rel. Ohio Edison Co. v. Shaker* (1994), 68 Ohio St.3d 209, 211, 625 N.E.2d 608.

{¶ 8} The threshold issue is, therefore, whether appellants' claim is service-related or whether it involves a contract or common-law tort claim. Appellants alleged that EOG was negligent in terminating gas service to the Penfield property; however, jurisdiction is not conferred based solely on pleadings. *Allstate Ins. Co.*, 119 Ohio St.3d at 303, citing *State ex rel. Columbia Gas of Ohio,* 102 Ohio St.3d 349, ¶ 19. Generally, termination of service by a public utility is considered a service-related matter within the exclusive initial jurisdiction of the PUCO. *Higgins v. Columbia Gas of Ohio, Inc.* (2000), 136 Ohio App.3d 198, 202, 736 N.E.2d 92.

{¶ 9} While generally service related, the termination of service must be determined through a case specific inquiry. *Allstate Ins. Co.*, 119 Ohio St.3d 301. In *Allstate*, the Ohio Supreme Court adopted a two-part test to determine whether the allegations advance service-related or common-law tort claims: whether the PUCO's

administrative expertise is required to resolve the issue in dispute and whether the act complained of constitutes a practice normally authorized by the utility. Id.

{¶ 10} In the current case, appellants claim that EOG negligently terminated the gas services to the Penfield property based on Charlton's request, despite the fact that the gas account was in Brown's name and Brown & Associates owned the Penfield property. O.A.C. 4901:1-18-03 provides the procedures that must be followed and the conditions under which a utility may disconnect service to residential customers. The owner moving from the residence is one of the enumerated conditions. O.A.C. 4901:1-18-03(C).

{¶ 11} In a similar situation, this court addressed whether the termination of services authorized by O.A.C. 4901:1-18-03 was a service-related or common-law tort claim. *Rafalski v. Dominion E. Ohio Co.*, Cuyahoga App. No. 95908, 2011-Ohio-2931. In *Rafalski*, the utility terminated gas services because of the customer's refusal to allow access to the gas meter located inside the property. Refusing access to inspect the meter is another condition under which the utility may terminate gas services. O.A.C. 4901:1-18-03(E). This court held that the "claims that [the utility] and its employees acted unreasonably [in terminating services] must be evaluated in light of complex state, federal, and administrative law regarding the termination of service, requiring [the PUCO's] expertise to evaluate the claims." *Rafalski*, 2011-Ohio-2931, at ¶ 15-16. This court further held that the termination of utility service is a practice normally authorized by the utility provider under Ohio law. Id.; see, also, *State Farm Fire & Cas.*

*Co. v. Century 21 Arrow Realty*, Cuyahoga App. Nos. 87108 and 87081, 2006-Ohio-3967, ¶ 21 (holding that because the claim required "a review of the common practices used by [the utility] in shutting off and restarting service and the adequacy of those practices, resolution of the matter is a service-related issue that belongs under the PUCO's exclusive jurisdiction").

{¶ 12} Appellants claimed that EOG was negligent in terminating service based on a third party's request. The reasonableness of terminating appellants' services based on the third-party request must be evaluated through the expertise of the PUCO based on a myriad of complex regulations and laws. In addition, R.C. 4933.122 and O.A.C. Chapter 4901:1-18 provide the framework within which the utility provider must operate when terminating a residential customer's service. Therefore, the termination of gas services is a matter normally authorized by the utility provider. See *Rafalski*, 2011-Ohio-2931, at ¶ 15-16. We find that appellants' substantive claim against EOG is service-related and jurisdiction is exclusively conferred on the PUCO. The trial court did not have subject-matter jurisdiction over appellants' claim against EOG.

{¶ 13} Accordingly, the trial court did not err in dismissing appellants' complaint with prejudice. Appellants' sole assignment of error is overruled. We affirm the decision of the trial court.

It is ordered that appellees recover from appellants costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


SEAN C. GALLAGHER, JUDGE

KENNETH A. ROCCO, J., CONCURS;
MELODY J. STEWART, P.J., DISSENTS WITH SEPARATE OPINION


MELODY J. STEWART, P.J., DISSENTING:

{¶ 14} I respectfully dissent from the majority's decision to affirm the trial court's dismissal of Brown's complaint on jurisdictional grounds.

{¶ 15} This case comes to us on appeal from a Civ.R. 12(B)(6) motion to dismiss and the facts alleged in the complaint are simply insufficient to support the majority's decision to dismiss on jurisdictional grounds. As the majority notes, dismissal on jurisdictional grounds requires a finding that "the act complained of constitutes a practice normally authorized by the utility." The majority notes that one of the enumerated conditions allowing for the disconnection of utility services is whether the owner has moved from the residence. The complaint in the case alleges only that Charlton, Brown's former spouse, resided at the property. It says nothing about whether Brown himself resided there. The majority appears to deduce that Brown did not live at the residence, but that fact is not alleged and at this stage in the proceedings we are obligated

to make all favorable inferences for Brown as the non-moving party. The majority goes

beyond the four corners of the complaint to justify dismissal, so I must dissent.