[Cite as *Ohiotelnet.com, Inc. v. Windstream Ohio, Inc.*, 2012-Ohio-5969.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
| | | **JUDGES:** |
| OHIOTELNET.COM, INC., ET AL | : | Hon. Patricia A. Delaney, P.J. |
| | : | Hon. W. Scott Gwin, J. |
| Plaintiff-Appellant | : | Hon. William B. Hoffman, J. |
| | : | |
| -vs- | : | |
| | : | Case No. 2012-CA-29 |
| WINDSTREAM OHIO, INC. | : | |
| | : | |
| Defendant-Appellee | : | O P I N I O N |


CHARACTER OF PROCEEDING:      Civil appeal from the Licking County Court
of Common Pleas, Case No. 11CV00485


JUDGMENT:      Affirmed


DATE OF JUDGMENT ENTRY:      December 14, 2012


APPEARANCES:

For Plaintiffs-Appellants      For Defendant-Appellee

JAMES COOPER      WILLIAM ADAMS
MATTHEW J. KUNSMAN      Bailey Cavalieri LLC
Morrow, Gordon & Byrd, Ltd      10 West Broad Street, Suite 2100
33 W. Main Street, P.O. Box 4190      Columbus, OH 43215
Newark, OH  43058-4190

*Gwin, J.,*

{¶1} Plaintiffs Ohiotelnet (OTN) and Midwest Service Management (MSM) appeal two judgments, a partial dismissal and a summary judgment, of the Court of Common Pleas of Licking County, Ohio, finding lack of jurisdiction. Defendant-appellee is Windstream Ohio, Inc. formerly known as ALLTEL Ohio, Inc. Appellants assign two errors:

{¶2} "I. THE TRIAL COURT ERRED BY GRANTING WINDSTREAM'S MOTION TO DISMISS BECAUSE THE TRIAL COURT HAD SUBJECT MATTER JURISDICTION OVER THE CLAIMS IN APPELLANTS' COMPLAINT.

{¶3} "II. THE TRIAL COURT ERRED IN GRANTING WINDSTREAM'S MOTION FOR SUMMARY JUDGMENT BECAUSE SEVERAL GENUINE ISSUES OF MATERIAL FACT EXIST AND REASONABLE MINDS CANNOT COME TO BUT ONE CONCLUSION IN FAVOR OF WINDSTREAM."

{¶4} The record indicates Windstream, the successor in interest of ALLTEL Ohio, Inc. is an Ohio public utility providing wholesale telephone, telecommunications, and broadband services. Windstream is subject to various state and federal laws and regulations, including marketing opening provisions and tariffs. OTN is an Ohio corporation that provides local telephone service to Licking County, Ohio. MSM is an Ohio corporation which provides telecommunications and information services technology.

{¶5} OTN entered into an agreement with Windstream for the interconnection of the parties' telecommunications networks within the state of Ohio. Windstream was to provide wholesale services to OTN, which in turn would supply services to local

customers.  Subsequently, the parties have engaged in billing disputes, leading to this action as well as an action filed with the PUCO.  At the time of this writing, an appeal from the decision of the PUCO  was pending before the Ohio Supreme Court.

{¶6}  In its judgment entry of August 30, 2011, the court found appellants raised four claims.  The first claim alleges breach of the interconnection agreement and includes statements that the court found are presumably meant to allege interference with the business relationship.   The second claim alleges Windstream had made false statements to OTN's customers, inducing them to terminate their business relationships with OTN. The court presumed these allegations were intended to state a claim for interference with business relationships, although they were not labeled as such.  The trial court characterized the third claim as a claim for breach of the interconnection agreement, various unfair billing practices, prices, and service complaints.  The court found the fourth claim alleged Windstream breached an agreement with MSM.  In the August 30, 2011 entry, the court dismissed appellants' first, second and third claims, but found under the allegations set forth, it could not determine whether the fourth claim was a pure contract claim over which it could take jurisdiction. Accordingly, the court did not dismiss the fourth claim at that time.

{¶7}  Subsequently, on February 27, 2012, the trial court found the fourth claim must also be dismissed for lack of jurisdiction.

I.

{¶8}  In their first assignment of error, appellants argue the trial court should not have dismissed claims one, two and three because it had jurisdiction over the matter.

Appellants correctly note this court reviews the issue de novo because it involves a question of law. *Helfrich v. City of Patalaska,* 5th Dist. No. 02-CA-38, 2003-Ohio-847.

**{¶9}** R.C. 4905.26 confers exclusive jurisdiction on the PUCO to review any service rendered by a public utility to determine if it is unjust or unreasonable, or violates the law. PUCO also has exclusive jurisdiction over complaints regarding the termination of service by public utilities.  The Supreme Court has held, however, that courts retain limited subject matter jurisdiction over a matter that is pure common-law tort or contract action involving utilities that are regulated by the PUCO.  *State ex rel. Illuminating Company v. Cuyahoga County Court of Common Pleas,* 97 Ohio St. 3d 69, (2002). In cases involving public utilities, jurisdiction is not conferred based solely on the pleadings. *State ex rel. Columbia Gas of Ohio, Inc. v. Henson,* 102 Ohio St. 3d 349, 2004-Ohio-3208, 810 N.E.2d 953, ¶ 19.

**{¶10}** The Supreme Court has set out a test courts should apply to determine whether the PUCO has exclusive jurisdiction. "'First, is PUCO's administrative expertise required to resolve the issue in dispute?  Second, does the act complained of constitute a practice normally authorized by the utility?'  If the answer to either question is in the negative, the claim is not within PUCO's exclusive jurisdiction."  *Allstate Insurance Company v. Cleveland Electric Illuminating Company,* 119 Ohio St. 3d 301, 2008-Ohio-3917, 893 N.E.2d 824 ¶5.

**{¶11}** The *Allstate* opinion sets out examples of common law claims over which the common pleas court has jurisdiction: *Milligan v. Ohio Bell Tel. Co.*, 56 Ohio St.2d 191, 195, 383 N.E.2d 575 (1978) (claim that the telephone company invaded its customer's privacy was actionable in common pleas court); *Kohli v. Pub. Util. Comm.*,

18 Ohio St.3d 12, 14, 18 OBR 10, 479 N.E.2d 840 (1985) (failure to warn landowners of dangers regarding voltage can be litigated in common pleas court.) The Supreme Court also cautioned that the PUCO is not a court and has no power to judicially ascertain and determine legal rights and liabilities.

{¶12}  The court found OTN's contract claims and tort claims were not pure common-law claims, but had to do with providing services that were regulated by the PUCO. We agree with the trial court appellants' claims are subject to the PUCO's exclusive jurisdiction.

{¶13}  The first assignment of error is overruled.

II.

{¶14}  In their second assignment of error, appellants argue the court improperly awarded summary judgment in favor of Windstream because there are genuine issues of material fact, and because reasonable minds could come to different conclusions.

{¶15}  In finding the matter was appropriate for summary judgment, the trial court found the disputes related to practices authorized by the utility, namely providing lines and services.  The court found the issues of tariffs are regulated by the PUCO, and require the expertise of the PUCO to construe.

{¶16}  We agree all of appellants' causes of action are directly related to the provision of utility services, which is vested exclusively in the PUCO

{¶17}  The second assignment of error is overruled.

{¶18} For the foregoing reasons, the judgment of the Court of Common Pleas of Licking County, Ohio, is affirmed.

By Gwin, J.,

Delaney, P.J., and

Hoffman J., concur

_____

HON. W. SCOTT GWIN

_____

HON. PATRICIA A. DELANEY

_____

HON. WILLIAM B. HOFFMAN

WSG:clw 1119

[Cite as *Ohiotelnet.com, Inc. v. Windstream Ohio, Inc.*, 2012-Ohio-5969.]

IN THE COURT OF APPEALS FOR LICKING COUNTY, OHIO

FIFTH APPELLATE DISTRICT

OHIOTELNET.COM, INC., ET AL       :

                :

        Plaintiffs-Appellants     :

                :

                :

-vs-                   :        JUDGMENT ENTRY

                :

WINDSTREAM OHIO, INC.       :

                :

                :

        Defendant-Appellee   :        CASE NO. 2012-CA-29

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Licking County, Ohio, is affirmed.  Costs to appellants.

_____

HON. W. SCOTT GWIN

_____

HON. PATRICIA A. DELANEY

_____

HON. WILLIAM B. HOFFMAN