[Cite as *Cottrell v. Am. Elec. Power*, 190 Ohio App.3d 518, 2010-Ohio-5673.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## PAULDING COUNTY

COTTRELL,

     APPELLANT,                               CASE NO. 11-10-06

     v.

AMERICAN ELECTRIC POWER ET AL.,       O P I N I O N

     APPELLEES.

**Appeal from Paulding County Common Pleas Court**
**Trial Court No. CI-05-133**

**Judgment Reversed and Cause Remanded**

**Date of Decision:  November 22, 2010**

APPEARANCES:

     **Clayton J. Crates and Daniel R. Michel,** for appellant.

     **D. Patrick Kasso,** for appellees.

     **ROGERS, J.**

{¶ 1} Although originally placed on our accelerated calendar, we elect, pursuant to Local Rule 12(5), to issue a full opinion in lieu of a judgment entry.

{¶ 2} The plaintiff-appellant, David Cottrell, appeals the judgment of the Paulding County Common Pleas Court, granting summary judgment in favor of the defendants-appellees, American Electric Power ("AEP") and Asplundh Tree Expert Co. ("Asplundh"), and dismissing his complaint. On appeal, Cottrell contends that the trial court had subject-matter jurisdiction over his cause of action for negligence and that genuine issues of material fact existed on his claims of trespass, conversion, and R.C. 901.51, rendering summary judgment in favor of AEP and Asplundh error. Based upon the following, we reverse the judgment of the trial court.

{¶ 3} In June 2005, Cottrell filed a complaint alleging that AEP destroyed two trees located on his real property through excessive trimming. Cottrell also alleged that the falling debris damaged his slate sidewalk. Cottrell sought monetary compensation, including treble damages for the trees pursuant to R.C. 901.51. The complaint further alleged that Asplundh, whose employees performed the trimming, was acting as AEP's agent at that time. Contemporaneous with the filing of his complaint, Cottrell filed a motion for temporary orders, requesting that AEP and anyone acting on its behalf be enjoined

from cutting any trees on another property he owned in Carryall Township in Paulding County. This request for temporary orders was granted the same day.

{¶ 4} Both AEP and Asplundh answered the complaint and asserted, inter alia, that the trees at issue were within the right-of-way/easement belonging to AEP and that they had legal authority to access and trim the trees at issue. In April 2006, Cottrell was deposed by counsel for AEP and Asplundh. During his deposition, Cottrell testified that he had bought his home in Antwerp, Ohio, in 1981. He further testified that sometime during the late spring or early summer of 2004, Asplundh employees came to his home and trimmed two trees that were located on his property and that were not in the right-of-way. Cottrell explained that they had not merely cut limbs that were located in the right-of-way and that were near the power lines, but that they had cut limbs that were not in the right-of-way and had cut excessively into the tree. Cottrell complained to the foreman but was told by the foreman that he "could do whatever he wanted." Cottrell was also questioned about a report he obtained from an arborist, Robert J. Laverne, whom he hired to evaluate his trees. In the report, Laverne detailed the damage to the trees, the cause of the damage, and the replacement cost of the trees. Cottrell also explained how his slate sidewalk was damaged and was questioned about the estimate he received regarding the cost to fix this damage. The arborist's report,

the sidewalk estimate, and a number of photographs of Cottrell's property, including the trees and sidewalk, were attached to his deposition as exhibits.

{¶ 5} In November 2006, AEP and Asplundh filed a joint motion for summary judgment as to Cottrell's claim for treble damages pursuant to R.C. 901.51. In this motion, they contended that they had a duty and a privilege to trim the trees, which precluded an award of treble damages.[1] Cottrell filed a response in which he argued that there was no evidence that any duty AEP had required that it cut into the trees that far into his property and that genuine issues of material fact existed as to whether AEP and Asplundh had a privilege to enter into his property to the extent that they did. AEP and Asplundh filed a reply to Cottrell's response. In January 2007, the trial court granted partial summary judgment in AEP's and Asplundh's favor as to the R.C. 901.51 claim, finding that they had had a privilege to trim the trees in question, but noted that Cottrell was not precluded from pursuing recovery for any negligent exercise of that privilege.

{¶ 6} The parties agreed to attempt mediation. However, in February 2007, AEP and Asplundh filed a motion for judgment on the pleadings, alleging that Cottrell's complaint did not state a claim for negligence. The trial court did not rule on this motion. The following day, the mediation report was filed. This

---

[1] AEP acknowledged for purposes of summary judgment that Asplundh trimmed Cottrell's trees on AEP's behalf. As will be further discussed, AEP and Asplundh maintained this same position in subsequent motions to the trial court and before this Court on appeal.

report indicated that the parties agreed on all but one issue, involving Cottrell's other property located in Carryall Township. In June 2007, AEP and Asplundh filed a motion to enforce the settlement agreement, which the trial court denied. AEP and Asplundh filed a motion to vacate the temporary orders issued in June 2005 regarding Cottrell's other property in Carryall Township. The trial court granted this motion. Thereafter, AEP and Asplundh filed a second motion to enforce the settlement agreement, and the trial court overruled this motion as well.

{¶ 7} In August 2008, AEP and Asplundh filed a motion to dismiss pursuant to Civ.R. 12(B)(1), asserting that the trial court did not have subject-matter jurisdiction over the complaint because the Public Utilities Commission of Ohio ("PUCO") has exclusive jurisdiction over this matter. Cottrell did not respond, and in September 2008, the trial court granted the motion and dismissed the complaint. Cottrell appealed that decision to this court, and we reversed the decision of the trial court and remanded the cause, finding that the trial court had subject matter jurisdiction. See *Cottrell v. AEP* (Feb. 17, 2009), 3d Dist. No. 11-08-11 ("*Cottrell I*").

{¶ 8} Subsequent to our decision in *Cottrell I*, AEP and Asplundh once again filed a motion to dismiss for lack of subject-matter jurisdiction, relying on *Corrigan v. Illum. Co.*, 122 Ohio St.3d 265, 2009-Ohio-2524, 910 N.E.2d 1009, which was decided by the Ohio Supreme Court in June 2009, four months after

our decision in *Cottrell I.* The trial court converted this motion to a motion for summary judgment pursuant to Civ.R. 56 and permitted the parties to file evidentiary materials and written arguments in support of their respective positions.

{¶ 9} In October 2009, AEP and Asplundh filed a motion for summary judgment with a memorandum in support. Attached to this motion were, inter alia, the affidavit of Douglas Dunakin, a registered professional surveyor; a copy of the survey performed by Dunakin of Cottrell's property; the affidavit of Keith Confere, a supervisor for Asplundh who photographed the area of Cottrell's property at issue in 2008; several of the photographs taken by Confere; the affidavit of Jeffrey Ling, a registered consulting arborist who took photographs of the property in dispute in July 2006; and several of the photographs taken by Ling. Cottrell filed his response to this motion in November 2009. Attached to Cottrell's response were the affidavit of R.J. Laverne,[2] an employee of Davey Tree Company who took photographs of Cottrell's property in November 2004, and several photographs of Cottrell's property that were taken by Laverne. Two weeks after Cottrell filed his response, AEP and Asplundh filed a reply.

{¶ 10} On May 10, 2010, the trial court rendered its decision. The trial

---

[2] Although the affidavit states that it is of "R.J. Laverne," this affidavit appears to be from "Robert J. Laverne," the arborist hired by Cottrell and whose report was submitted as an exhibit during Cottrell's deposition.

court found that the sidewalk was entirely within the right-of-way and that a substantial portion of the foliage from the two trees was also within the right-of-way. The court further found that it had previously determined in its decision regarding the R.C. 901.51 claim that AEP and Asplundh were privileged to trim the trees. Thus, the trial court concluded that this privilege also defeated Cottrell's claims based upon conversion and trespass, and the court rendered summary judgment in favor of AEP and Asplundh. In addition, the trial court concluded that Cottrell's claim that AEP and Asplundh were negligent in the manner in which they trimmed the trees in question was not within the court's subject-matter jurisdiction, but rather was within the exclusive jurisdiction of PUCO. Therefore, the trial court dismissed this claim. Based upon these findings, the trial court dismissed the complaint in its entirety.

{¶ 11} It is from this judgment that Cottrell appeals, presenting the following assignment of error for our review.

> The trial court erred in granting defendant/appellee's motion for summary judgment.

{¶ 12} In his sole assignment of error, Cottrell contends that the trial court improperly weighed the evidence before it and made factual determinations based thereon rather than construing the evidence in a light most favorable to the non-moving party, i.e. Cottrell, as required by Civ.R. 56. More specifically, the trial court found that his sidewalk was entirely within the right-of-way, that a

substantial portion of the foliage of the two trees was in the right-of-way, that the foliage was growing in proximity to AEP's power lines, and that as a result, AEP and Asplundh had a privilege to trim the trees. Cottrell maintains that these findings evidence that the court weighed the evidence and elected to construe it in favor of AEP and Asplundh. Cottrell also asserts that the trial court erred in relying upon *Corrigan,* 122 Ohio St.3d 265, 2009-Ohio-2524, 910 N.E.2d 1009, in determining that his claim for negligence was within PUCO's exclusive jurisdiction.

{¶ 13} An appellate court reviews a summary judgment order de novo. *Hillyer v. State Farm Mut. Auto. Ins. Co.* (1999), 131 Ohio App.3d 172, 175. Accordingly, a reviewing court will not reverse an otherwise correct judgment merely because the lower court used different or erroneous reasons as the basis for its determination. *Diamond Wine & Spirits, Inc. v. Dayton Heidelberg Distrib. Co.*, 148 Ohio App.3d 596, 2002-Ohio-3932, ¶ 25, citing *State ex rel. Cassels v. Dayton City School Dist. Bd. of Edn.* (1994), 69 Ohio St.3d 217, 222. Summary judgment is appropriate when, looking at the evidence as a whole, (1) there is no genuine issue as to any material fact; (2) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made; and, therefore, (3) the moving party is entitled to judgment as a matter of law. Civ.R. 56(C); *Horton v. Harwick Chem. Corp.*

(1995), 73 Ohio St.3d 679, 686-687. If any doubts exist, the issue must be resolved in favor of the nonmoving party. *Murphy v. Reynoldsburg* (1992), 65 Ohio St.3d 356, 358-359.

{¶ 14} The party moving for summary judgment has the initial burden of producing some evidence that demonstrates the lack of a genuine issue of material fact. *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 293. In doing so, the moving party is not required to produce any affirmative evidence but must identify those portions of the record that affirmatively support his argument. Id. at 292. The nonmoving party must then rebut with specific facts showing the existence of a genuine triable issue; he may not rest on the mere allegations or denials of his pleadings. Id.; Civ.R. 56(E).

*Trespass, Conversion, and R.C. 901.51*

{¶ 15} In *Cottell I*, we found that although Cottrell's complaint was poorly drafted, it alleged claims for conversion, trespass, and treble damages under R.C. 901.51. *Cottrell*, 3d Dist. No. 11-08-11. "A common-law tort in trespass upon real property occurs when a person, *without authority or privilege*, physically invades or unlawfully enters the private premises of another whereby damages directly ensue, even though such damages may be insignificant." (Emphasis added.) *Linley v. DeMoss* (1992), 83 Ohio App.3d 594, 598; see also *Apel v. Katz* (1998), 83 Ohio St.3d 11, 19. Conversion occurs when another *wrongfully*

exercises dominion over property to the exclusion of the rights of the owner or withholds the property from the owner's possession under a claim inconsistent with the owner's rights. See *Joyce v. Gen. Motors Corp.* (1990), 49 Ohio St.3d 93, 96. As for the treble-damages claim, the Revised Code provides, "No person, *without privilege to do so*, shall recklessly cut down, destroy, girdle, or otherwise injure a * * * tree * * * standing or growing on the land of another or upon public land." (Emphasis added.) R.C. 901.51. Common among these three causes of action is that they require the alleged tortfeasor to have acted in some unauthorized manner.

{¶ 16} As previously noted, the trial court found that there was no genuine issue of fact that AEP and Asplundh were privileged to cut the trees at issue. In so doing, the trial court determined that a substantial portion of the foliage of the two trees was within the right-of way and that Asplundh had trimmed the trees that were in proximity to AEP's power lines.

{¶ 17} Our review of the record reveals that the only evidence of AEP's and Asplundh's privilege to cut these trees is the survey of Dunakin. This survey, the accuracy of which is not in dispute, reveals that a highway right-of way[3] extends to the inside edge of the sidewalk at issue, placing the sidewalk entirely within the

---

[3] The parties refer to the right-of-way as a "highway right-of-way." However, none of the parties ever discusses, defines, or explains what "highway" right-of-way means, and the survey simply notes: "East River Street (U.S. 24) 60' R/W." In addition, as will be discussed later in this opinion, none of the parties explains what rights AEP has by virtue of that right-of-way.

right-of-way; the electrical poles and power lines are located entirely in the right-of-way; the trunks of the two trees at issue are located solely on Cottrell's property and not in the right-of-way; and an undetermined amount of foliage from the two trees extends into the right-of-way. What the survey does not reveal and what AEP and Asplundh have failed to include is any evidence of what AEP's rights are within this right-of-way or that the portions of the trees trimmed by Asplundh were located solely within the right-of-way or that they were otherwise privileged to trim these trees in the manner that they did.

{¶ 18} Although we acknowledge that a company engaged in the transmission and distribution of electrical current has a duty "to exercise the highest degree of care consistent with the practical operation of its business in the construction, maintenance and inspection of its equipment," *Otte v. Dayton Power & Light Co.* (1988), 37 Ohio St.3d 33, 38, this duty does not give the company unbridled discretion to trespass, convert, or destroy another's property. In fact, as we stated in *Cottrell I*, 3d Dist. No. 11-08-11, "[w]hen public utilities exceed the scope of their easements, the injured party may seek recourse in the court of common pleas for common-law trespass or under R.C. 901.51." *Cottrell*, citing *Bayes v. Toledo Edison Co.*, 6th Dist. Nos. L-03-1177 and L-03-1194, 2004-Ohio-5752.

{¶ 19} Even assuming arguendo that AEP and Asplundh had the authority to trim trees in the right-of-way, Cottrell testified that a significant amount of the trimming occurred over his property rather than over the right-of-way, including the trimming of branches that were growing away from the power lines. In support of this testimony, he submitted photographs of these trees that were taken during late autumn a few months after the trimming occurred when the trees had no leaves. These photographs appear to show many cut-off points on the trees that are directly above the trunk or in directions going away from the power lines, which place these limbs completely outside of the right-of-way.

{¶ 20} AEP and Asplundh presented no evidence to refute that these cuts were made by Asplundh during the trimming it performed of Cottrell's trees in 2004. While they did present photographs that were taken in the summers of 2006 and 2008, these photographs were taken two and four years, respectively, after the cutting occurred. Further, these photographs depict the trees with significant amounts of foliage and are taken at angles that make it difficult to observe the cuts and their locations in relation to the right-of-way. Thus, when construing the evidence in a light most favorable to Cottrell, as Civ.R. 56 requires, we find that AEP and Asplundh exceeded any privilege that they *may* have had in trimming these trees. Consequently, we find that genuine issues of material fact exist regarding whether AEP and Asplundh were privileged to trim Cottrell's trees to

the extent they did so outside the right-of-way, and summary judgment in favor of AEP and Asplundh was not appropriate on these claims.

*Negligence and Subject-Matter Jurisdiction*

{¶ 21} In dismissing the negligence claim, the trial court characterized Cottrell's claim as primarily a vegetation-management issue that was within the exclusive jurisdiction of PUCO. PUCO has been given broad jurisdiction over service-related matters involving public utilities through the enactment of R.C. 4901.01 et seq. See *Kazmaier Supermarket, Inc. v. Toledo Edison Co.* (1991), 61 Ohio St.3d 147, 150. However, this discretion does not affect "the basic jurisdiction of the court of common pleas * * * in other areas of possible claims against utilities, including pure tort and contract claims." *State ex rel. Ohio Edison Co. v. Shaker* (1994), 68 Ohio St.3d 209, 211. Accordingly, the Ohio Supreme Court has established a two-part test for determining whether PUCO has exclusive jurisdiction over a complaint:

> "First, is PUCO's administrative expertise required to resolve the issue in dispute? Second, does the act complained of constitute a practice normally authorized by the utility?" If the answer to either question is in the negative, the claim is not within PUCO's exclusive jurisdiction.

*Allstate Ins. Co. v. Cleveland Elec. Illum. Co.*, 119 Ohio St.3d 301, 2008-Ohio-3917, ¶ 12-13, quoting *Pacific Indemn. Ins. Co. v. Illum. Co.*, 8th Dist No. 82074, 2003-Ohio-3954, ¶ 15.

{¶ 22} This test was recently applied by the Supreme Court in *Corrigan v. Illum. Co.*, 122 Ohio St.3d 265, 2009-Ohio-2524, ¶ 12. In *Corrigan*, a property owner filed a complaint for injunctive relief to prevent an electric company from removing a tree located within its easement. Id. at ¶ 1-3, 17. In determining whether PUCO had exclusive jurisdiction over the matter, the court specifically noted that the case before it was not about an easement, which is a pure contract matter that would confer subject-matter jurisdiction in the court of common pleas. Id. at ¶ 17. Instead, the court found that the property owner's "complaint with the decision to remove the tree is really an attack on the company's vegetation-management plan * * * a service-related issue, which is within PUCO's exclusive jurisdiction." Id. at ¶ 20. See also *DeLost v. First Energy Corp.*, 7th Dist. No. 07 MA 194, 2008-Ohio-3086.

{¶ 23} AEP and Asplundh now urge us to apply the holding in *Corrigan* to the case sub judice, as the trial court did, claiming that the sole issue is whether its cutting of the trees was necessary and reasonable as part of its plan to control vegetation around its power lines. We disagree.

{¶ 24} In *Corrigan*, the reason the court stated that the case was not about an easement was that no one disputed that the tree being removed by the power company was wholly within the easement of the power company. *Corrigan*, 122 Ohio St.3d 265, 2009-Ohio-2524, at ¶ 17. However, as we stated the first time these parties were before us, "[t]his case differs significantly from both *Delost* and *Corrigan* in that Cottrell's complaint alleged that the damaged trees were *outside* AEP's easement, and there is no evidence in the record to refute this claim." *Cottrell*, 3d Dist. No. 11-08-11. This statement remains accurate. AEP submitted no evidence regarding its easement, if any. The undisputed evidence also shows that the trees at issue are located outside the right-of-way but that some of their branches were in the right-of-way. In addition, Cottrell's testimony and his photographs provide evidence that the damage to the trees of which he complains occurred *outside* the right-of-way. Notably, the administrative regulations promulgated by PUCO require electric utilities to establish programs for "preventative requirements for the electric utility to maintain safe and reliable service," as to "*[r]ight of way* vegetation." (Emphasis added.) Ohio Adm.Code 4901:1-10-27. PUCO does not regulate vegetation management outside the right-of-way, rendering such cases outside those acts normally authorized by PUCO and requiring its expertise. Thus, *Corrigan* is inapplicable to the case sub judice, and the two-part test established in *Allstate* has not been met.

{¶ 25} Moreover, Cottrell also asserts that his sidewalk and portions of his lawn were damaged by the falling limbs. "Even if it is presumed that the Utilities acted within their rights, when property is damaged during the exercise of easement rights, a property owner may still be entitled to compensation where he has not burdened or interfered with the grantee's use of the easement." *Bayes*, 2004-Ohio-5752, ¶ 73, citing *Jones v. Dayton Power & Light Co.* (Dec. 14, 1994), 2d Dist. No. 94-CA-49, 1994 WL 702062 (landowner entitled to compensation for trees that "posed a threat to power lines" removed by electric company crew). These claims are based on pure tort. Accordingly, we find that the trial court had subject-matter jurisdiction over Cottrell's negligence claim and erred in dismissing this claim.

*Conclusion*

{¶ 26} In sum, we find that the trial court erred in granting summary judgment in favor of AEP and Asplundh and dismissing Cottrell's complaint. Therefore, the sole assignment of error is sustained.

{¶ 27} Having found error prejudicial to the appellant herein, in the particulars assigned and argued, we reverse the judgment of the trial court and remand for further proceedings consistent with this opinion.

Judgment reversed
and cause remanded

WILLAMOWSKI, P.J., and PRESTON, J., concur.