WIMMER ET AL., APPELLANTS, *v.* PUBLIC UTILITIES
COMMISSION ET AL., APPELLEES.

[Cite as *Wimmer v. Pub. Util. Comm.,* **131 Ohio St.3d 283, 2012-Ohio-757.**]

*Public utilities—Transmission-line easement—Public Utilities Commission*
*decision to remove vegetation in easement was reasonable.*

(No. 2011-0563—Submitted January 17, 2012—Decided February 29, 2012.)

APPEAL from the Public Utilities Commission, No. 09-777-EL-CSS.

_____

**PFEIFER, J.**

**{¶ 1}** Kurt Wimmer and the Wimmer Family Trust ("the Wimmers")
argue that the Public Utilities Commission of Ohio erred in allowing Ohio Edison
Company to remove certain trees from a transmission-line easement running over
the Wimmers' property. We disagree and affirm the order of the commission.

## I. Background

**{¶ 2}** Ohio Edison owned a transmission-line easement running over the
Wimmers' property. For years, Ohio Edison, in accordance with the company's
general policy, had trimmed and (rarely) removed trees growing in the easement.
But that policy changed after several tree-to-line contacts contributed to cause a
blackout throughout the northeastern United States in 2003. When the company
sought to remove the trees in the easement on the Wimmers' property, the family
objected.

**{¶ 3}** The Wimmers took their complaint to court, where the court of
common pleas found in favor of Ohio Edison. On appeal, the court of appeals
affirmed, concluding that Ohio Edison's easement permitted it to remove the
trees. *Wimmer Family Trust v. FirstEnergy*, 9th Dist. No. 08CA009392, 2008-
Ohio-6870, ¶ 16. We vacated that judgment "on the authority of *Corrigan v.*

*Illum. Co.*, 122 Ohio St.3d 265, 2009-Ohio-2524, 910 N.E.2d 1009." *Wimmer Family Trust v. FirstEnergy Corp.*, 123 Ohio St.3d 144, 2009-Ohio-4304, 914 N.E.2d 1036, ¶ 1. In *Corrigan*, we held that the utility's easement permitted tree removal but that the commission, not a court, was required to decide whether removal was reasonable. *Corrigan* at ¶ 19, 21.

{¶ 4} The Wimmers then took their complaint to the commission. After an evidentiary hearing, the commission ruled in Ohio Edison's favor and permitted it to remove the trees. *Wimmer v. Ohio Edison Co*., Pub. Util. Comm. No. 09-777-EL-CSS (Jan. 27, 2011).The Wimmers appealed to this court, and Ohio Edison has intervened in defense of the order.

## II. Discussion

### A. The Wimmers' first two propositions are settled

{¶ 5} The first two propositions of the Wimmers' brief predominantly address interpretation of the easement held by Ohio Edison. Those issues were not before the commission and are not relevant here because they were settled in an earlier proceeding.

{¶ 6} As noted above, this is the second time that the Wimmers' case has reached this court. They filed their first complaint in the court of common pleas, whose decision in favor of Ohio Edison was affirmed by the court of appeals. We disposed of their case on the authority of *Corrigan*. *Wimmer Family Trust* at ¶ 1. *Corrigan* involved a utility-landowner dispute over whether a tree should be removed or pruned. We held that there was "no question that the company has a valid easement," that "the tree is within the easement," and that the easement "grants the company the right to remove any tree within the easement that could pose a threat to the transmission lines." *Id.* at ¶ 17 and 19.

{¶ 7} By disposing of the Wimmers' earlier litigation on the authority of *Corrigan,* this court decided the easement issues in favor of Ohio Edison. As in *Corrigan*, the utility's easement over the Wimmers' property expressly permits

2

the removal of trees. It grants the utility "the right to trim, remove, or control * * * trees * * * as may interfere with or endanger" the utility's transmission lines. Even so, the Wimmers argue that their easement does not permit tree removal. We consider that issue settled. *See* S.Ct.Prac.R. 11.2(A) (motions for reconsideration must be filed within ten days of the filing of the judgment entry or order). Moreover, even had the issue remained alive after our earlier decision, it is quite clear that the utility's easement permits the removal of trees.

### B. Evidence supported the commission's decision

{¶ 8} We thus turn to the issue that is properly presented here: whether the commission erred in finding that removal of the Wimmers' trees was reasonable. The Wimmers argue that Ohio Edison failed to present evidence that their trees "may interfere with or endanger the utility's transmission lines." In their view, the proffered evidence "was long on Ohio Edison's fear and speculation and short on hard facts."

{¶ 9} Contrary to these assertions, evidence was presented that supported the order. The commission found that "the vegetation in question has the genetic disposition to grow to heights tall enough to potentially interfere with the * * * line." *Wimmer*, Pub. Util. Comm. No. 09-777-EL-CSS, at 9. The commission also found that Ohio Edison "reasonably determined that this vegetation may interfere or threaten to interfere with the transmission line and should be removed." *Id.* These findings were supported by the expert testimony of Rebecca Spach, who described the trees growing in the right-of-way and explained that "the average mature heights are well above the height of the [line]." Indeed, Spach explained that even with continuous trimming and pruning, at least one tree had already grown to within four feet of the line, in violation of the National Electric Safety Code, which is published by the Institute of Electrical and Electronics Engineers and sets the industry-accepted safety standards.

**{¶ 10}** The Wimmers do not challenge the admission of Spach's testimony on any ground, nor do they challenge her qualification as an expert. They do not adduce any contrary testimony or difficulty on cross-examination that would call her testimony into question. And they present no argument or factual support for their assertion that her testimony was speculative. On the contrary, Spach personally observed the trees in the right-of-way. The average mature height and growth rate of those trees is also a matter of observation, not guesswork. Accordingly, the commission's decision is not—as the Wimmers must show—" 'so clearly unsupported by the record as to show misapprehension, mistake, or willful disregard of duty.' " *Monongahela Power Co. v. Pub. Util. Comm.*, 104 Ohio St.3d 571, 2004-Ohio-6896, 820 N.E.2d 921, ¶ 29, quoting *AT&T Communications of Ohio, Inc. v. Pub. Util. Comm.*, 88 Ohio St.3d 549, 555, 728 N.E.2d 371 (2000).

**{¶ 11}** Because the Wimmers do not show any error in the commission's order, we must affirm. We note with approval the commission's admonition that Ohio Edison "attempt to minimize the impact to property owners, to the extent possible and without sacrificing safety and reliability, when performing [utility-vegetation-management] activities." *Wimmer*, Pub. Util. Comm. No. 09-777-EL-CSS, at 10. Like the Wimmers, Ohio Edison must comply with the commission's order.

### III. Conclusion

**{¶ 12}** For the foregoing reasons, we affirm the order of the commission.

Order affirmed.

O'CONNOR, C.J., and LUNDBERG STRATTON, O'DONNELL, LANZINGER, CUPP, and MCGEE BROWN, JJ., concur.

_____

Lester S. Potash, for appellants.

4

Michael DeWine, Attorney General, and William L. Wright, Werner L. Margard III, and Devin D. Parram, Assistant Attorneys General, for appellee.

Jones Day, David A. Kutik, Jeffrey Saks, and Douglas R. Cole, for intervening appellee, Ohio Edison Company.

_____