[Cite as *Phillips v. Robinson*, 2012-Ohio-6108.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

KEVIN PHILLIPS

    Appellant

    v.

KRISTIN ROBINSON

    Appellee

C.A. No.    12CA0038-M

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF MEDINA, OHIO
CASE No.    03PA0131

DECISION AND JOURNAL ENTRY

Dated: December 26, 2012

---

MOORE, Presiding Judge.

{¶1}    Plaintiff-Appellant, Kevin Phillips, appeals the judgment of the Medina County Court of Common Pleas, Domestic Relations Division, dismissing his motion for failure to comply with a court order. This Court reverses.

I.

{¶2}    In July 2011, Mr. Phillips filed a motion requesting that the court issue an order establishing parental rights and responsibilities and a parenting schedule. On October 6, 2011, the court filed an order stating that the parties had reached an agreement and that Mr. Phillips' attorney was to file an agreed judgment entry signed by both parties within 30 days. On December 2, 2011, Mr. Phillips filed a proposed judgment entry signed by both parties and their respective attorneys, and requested the court adopt the judgment entry.

{¶3}    The court did not adopt the judgment entry. Instead, it held a status conference with the attorneys on January 4, 2012. On January 6, 2012, Mr. Phillips forwarded a revised

judgment entry to Ms. Robinson's attorney. Mr. Phillips did not receive a response. On February 22, 2012, Mr. Phillips contacted Ms. Robinson's attorney again and made a minor change to the judgment entry as requested. Mr. Phillips then filed the entry with the trial court and requested the court adopt the proposed entry.

{¶4} On April 16, 2012, the court dismissed Mr. Phillips' case, finding that he had failed to comply with a court order; specifically, Mr. Phillips had failed to file an agreed judgment entry signed by both parties and their counsel. Mr. Phillips now appeals and presents two assignments of error for our review. To facilitate the analysis, we address the assignments of error together.

II.

### ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED AND/OR ABUSED ITS DISCRETION UNDER OHIO LAW IN DISMISSING [PHILLIPS'] PENDING MOTIONS.

### ASSIGNMENT OF ERROR II

THE TRIAL COURT'S DECISION DISMISSING [PHILLIPS'] PENDING MOTIONS WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶5} In his two assignments of error, Mr. Phillips argues that the trial court erred in its decision to dismiss his pending motions because the court erroneously found that he had not complied with its October 6, 2011, order.

{¶6} If an appellee fails to file a brief, the court may, "in determining the appeal, * * * accept the appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action." App.R. 18(C). Appellee, Kristin Robinson, has not filed a brief, and we, therefore, accept Mr. Phillips' statements of facts and issues as correct.

**{¶7}** "Generally, absent an error of law, 'the decision to adopt, reject, or modify a magistrate's decision lies within the discretion of the trial court and should not be reversed on appeal absent an abuse of discretion.'" *Cirino v. Cirino*, 9th Dist. No. 11CA009959, 2011-Ohio-6332, ¶ 7, quoting *Barlow v. Barlow*, 9th Dist. No. 08CA0055, 2009-Ohio-3788, ¶ 5. An abuse of discretion indicates that the court's decision was arbitrary, unconscionable, or unreasonable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

**{¶8}** In our review, "we consider the trial court's action with reference to the nature of the underlying matter." *Tabatabai v. Tabatabai*, 9th Dist. No. 08CA0049-M, 2009-Ohio-3139, ¶ 18. While, Mr. Phillips' argument on appeal focuses on Civ.R. 41(B), the rule does not apply to post-judgment motions to modify parental rights and responsibilities or to modify child support. *Hissa v. Hissa*, 8th Dist. Nos. 93575 & 93606, 2010-Ohio-3087, ¶ 54-57. Mr. Phillips has also argued that the court's decision to dismiss the motion is against the manifest weight of the evidence. The record, however, does not contain evidence in a technical sense for us to weigh. "Absent [any] restriction in the civil rules, * * * the trial court * * * [has] broad powers to control judicial proceedings and enforce sanctions against those who abuse the judicial system." *Montano v. Montano*, 8th Dist. No. 65148, 1993 WL 526940, *4 (Dec. 16, 1993).

**{¶9}** Local Rule 8.01 of the Medina County Domestic Relations Court provides: "Upon the failure of the opposing party or counsel to approve or reject any submitted judgment entry [within five days], the preparer of the entry may unilaterally present the entry to the [c]ourt for journalization * * *." Mr. Phillips sent the judgment entry to Ms. Robinson's attorney on January 6, 2012, subsequently made a requested change, and filed the entry with the court on February 23, 2012. Ms. Robinson's attorney did not approve or reject the judgment entry after receiving it on January 6.

{¶10}   It appears the parties had represented to the court that they had reached an out-of-court settlement agreement.   However, the record does not contain any details of the agreement between the parties.  The court journalized an order on October 6, 2011, in which it noted that Mr. Phillips, through his attorney, would file an agreed judgment entry signed by counsel and the parties.  The court ordered the judgment entry be filed within 30 days, or "the [c]ourt [would] schedule [the] matter for a dismissal hearing."

{¶11}  On November 7, 2011, Mr. Phillips requested an additional 14 days to file the entry, and the court granted his request, making the entry due on November 22, 2011.   On December 2, 2011, Mr. Phillips filed a motion requesting the court (1) adopt an agreed judgment entry filed that same day; and/or (2) grant him an extension of time to file an agreed judgment entry; and/or (3) conduct an attorney conference.

{¶12}  Mr. Phillips filed two different journal entries attached to his December 2, 2011, motion.  Mr. Phillips explained that he had received both judgment entries by email from Ms. Robinson's attorney approximately one hour apart.   The first proposed judgment entry was signed by both parties and their attorneys.  According to Mr. Phillips, this entry accurately reflected the terms agreed to by the parties.  The second proposed judgment entry was not signed by both parties or counsel and had several handwritten modifications each marked with Ms. Robinson's initials.  According to Mr. Phillips, this second proposed judgment entry did not reflect the agreement between the parties.

{¶13}  The court held a status conference with the attorneys on January 4, 2012, and the court made a notation in the docket that Mr. Phillips, through counsel, would file an agreed judgment entry within seven days.  On February 15, 2012, no entry had been filed, and the court scheduled a dismissal hearing for February 24, 2012.

{¶14} The day before the dismissal hearing, Mr. Phillips filed a new proposed judgment entry and a motion requesting the court adopt the entry. This proposed judgment entry was signed by Mr. Phillips and his attorney, but not by Ms. Robinson or her attorney. Further, Mr. Phillips had attached correspondence his attorney had with Ms. Robinson's attorney. In these emails, Mr. Phillips' attorney explained what changes were made to the judgment entry and that these changes were made pursuant to the attorneys' January status conference. Notably, in the email from Ms. Robinson's attorney he stated that he had not heard from Ms. Robinson since the last hearing and that he intended to withdraw from the case because of the lack of communication.

{¶15} While it does appear that Ms. Robinson gave consent by phone to the first draft filed on December 2, 2011, a modified draft was received by Mr. Phillips only an hour later. There is no indication in the record that Ms. Robinson agreed to the terms of the proposed settlement agreement submitted by Mr. Phillips on February 23, 2012.

{¶16} Mr. Phillips complied with Loc.R. 8.01 by providing opposing counsel with the proposed judgment entry and, having not received an approval or a rejection within five days, unilaterally presented the entry to the court for journalization. Consequently, the trial court's decision to dismiss Mr. Phillips' pending motions because he failed to comply with the court's order to file a judgment entry was unreasonable. *See Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). Accordingly, Mr. Phillips' assignments of error are sustained.

III.

{¶17} Mr. Phillips' assignments of error are sustained. The judgment of the Medina County Court of Common Pleas, Domestic Relations Division, is reversed, and the cause is remanded for further proceedings consistent with the foregoing opinion.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

CARLA MOORE
FOR THE COURT

DICKINSON, J.
BELFANCE, J.
CONCUR.


APPEARANCES:

GREGORY J. MOORE, Attorney at Law, for Appellant.

KRISTIN ROBINSON, pro se, Appellee.