[Cite as *Berry v. Ohio Edison Co.*, 2016-Ohio-8442.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| LOUIS BERRY | C.A. No. 28161 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| OHIO EDISON COMPANY, et al. | AKRON MUNICIPAL COURT COUNTY OF SUMMIT, OHIO |
| Appellants | CASE No. 15 CVI 03594 |

DECISION AND JOURNAL ENTRY

Dated: December 28, 2016

MOORE, Presiding Judge.

**{¶1}** Defendants-Appellants Ohio Edison Company ("Ohio Edison") and Nelson Tree Service (collectively "Appellants") appeal from the judgment of the Akron Municipal Court. We affirm.

I.

**{¶2}** Ohio Edison hired Nelson Tree Service to trim trees in the City of Akron to prevent interference with power lines. In April 2015, as part of that arrangement, Nelson Tree Service trimmed one of Plaintiff-Appellee Louis Berry's trees.

**{¶3}** In May 2015, Mr. Berry filed a pro se complaint in small claims court alleging the following:

[Ohio] Edison hired Nelson [Tree Service] to trim trees near [Ohio] Edison's distribution power lines on poles in the devil strip/tree lawn. Without an easement or permission [Ohio] Edison has a power line running over the SW corner of my property (1241 N. Howard Street) near my tree. Without my permission, Nelson [Tree Service] went 20 feet on my property and negligently trimmed 25% of the canopy of my tree destroying its appearance. My tree was

too short to be any threat to [Ohio] Edison's power lines and the power line should have been located in the devil strip/tree lawn, not on my property. The tree is worth more than $3,000.00 but I am seeking damages in the amount of $3,000.00 plus the court costs.

**{¶4}** Appellants filed an answer denying the allegations and asserting that their actions were privileged. Appellants then filed a motion to dismiss, arguing that the trial court lacked subject matter jurisdiction over the action and that only the Public Utilities Commission of Ohio ("PUCO") had jurisdiction over the matter. Appellants relied primarily on the Supreme Court of Ohio's decision in *Corrigan v. Illuminating Co.,* 122 Ohio St.3d 265, 2009-Ohio-2524. Mr. Berry opposed the motion. An oral hearing was held, after which the trial court issued an entry denying the motion to dismiss.

**{¶5}** The matter proceeded to a bench trial. The trial court found in favor of Mr. Berry concluding that Appellants had trespassed upon Mr. Berry's property and negligently trimmed his tree. Following a hearing on damages, the trial court awarded Mr. Berry nominal damages in the amount of $100.00 and court costs.

**{¶6}** Appellants have appealed, raising three assignments of error for our review, which will be discussed out of sequence and consolidated where appropriate to facilitate our analysis. Mr. Berry has not filed a brief in this matter and thus, this Court may, "in determining the appeal, * * * accept the [Appellants'] statement of the facts and issues as correct and reverse the judgment if [Appellants'] brief reasonably appears to sustain such action." *Phillips v. Robinson,* 9th Dist. Medina No. 12CA0038-M, 2012-Ohio-6108, ¶ 6, quoting App.R. 18(C).

II.

## ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED BY FAILING TO DISMISS THIS CASE FOR LACK OF SUBJECT MATTER JURISDICTION.

**{¶7}** We begin by discussing Appellants' second assignment of error. Appellants therein allege that the trial court lacked subject matter jurisdiction over the action. Specifically, Appellants argue that *Corrigan* stands for the proposition that PUCO has exclusive jurisdiction over complaints challenging a public utility's implementation of a vegetation management plan and that Mr. Berry's complaint fell within the foregoing.

**{¶8}** "A motion to dismiss for lack of subject matter jurisdiction raises questions of law that we review de novo." *Jackson v. Ohio Dept. of Edn.,* 9th Dist. Summit No. 27686, 2016-Ohio-2818, ¶ 9. "The General Assembly enacted R.C. 4901.01 et seq. to regulate the business activities of public utilities and created PUCO to administer and enforce these provisions." *Corrigan,* 122 Ohio St.3d 265, 2009-Ohio-2524, ¶ 8. R.C. 4905.26 grants PUCO "broad jurisdiction * * * over service-related matters * * *." *Id.* at ¶ 8-9. This "broad jurisdiction * * * over service-related matters does not affect the basic jurisdiction of the court of common pleas * * * in other areas of possible claims against utilities, including pure tort and contract claims." (Internal quotations and citation omitted.) *Id.* at ¶ 9.

**{¶9}** In deciding whether the claims raised by the complaint are pure contract and tort claims that do not fall within PUCO's exclusive jurisdiction we "are not limited to the allegations in the complaint." *Id.* at ¶ 10. "[W]e must review the substance of the claims to determine if service-related issues are involved." *Id.*

**{¶10}** The Supreme Court of Ohio has adopted a two-part test to determine whether PUCO has exclusive jurisdiction over an action: "First, is PUCO's administrative expertise required to resolve the issue in dispute? Second, does the act complained of constitute a practice normally authorized by the utility?" (Internal quotations and citation omitted.) *Id.* at ¶ 11. "If

the answer to either question is in the negative, the claim is not within PUCO's exclusive jurisdiction." (Internal quotations and citation omitted.) *Id.* at ¶ 12.

{¶11} *Corrigan* involved a complaint for injunctive relief filed by property owners who contested the utility's decision to remove a tree located within the utility's easement. *Id.* at ¶ 2. The utility sought to remove the tree because it had the potential to interfere with a power line. *Id.* at ¶ 2. The utility maintained that the trial court lacked subject matter jurisdiction over the action. *See id.* at ¶ 5-6.

{¶12} When the matter reached the Supreme Court, the Supreme Court ultimately concluded that jurisdiction over the claims rested with PUCO. *See id.* at ¶ 21. The Supreme Court determined that PUCO's administrative expertise was required because the case involved the utility's implementation of a right-of-way vegetation management plan. *See id.* at ¶ 15. The Court noted that the utility's "decision to remove a tree is governed by its vegetation-management plan, which is regulated by PUCO." *Id.* The Supreme Court further concluded that the act complained of constituted a practice normally authorized by the utility because "[v]egetation management is necessary to maintain safe and reliable electrical service." *Id.* at ¶ 16.

{¶13} In its decision, the Supreme Court specifically rejected the property owners' argument that the matter was a pure contract matter. *Id.* at ¶ 17. In so doing, it determined that "[t]here [wa]s no question that the [utility] ha[d] a valid easement and that the tree [wa]s within the easement." *Id.* at ¶ 17. The Supreme Court recited the language of the easement and concluded that it was unambiguous and "grant[ed] the [utility] the right to remove any tree within the easement that could pose a threat to the transmission lines." *Id.* at ¶ 18-19. Thus, the Supreme Court concluded that the case did not involve a contest over the meaning of the

language of the easement, but rather it involved a challenge to the utility's decision to remove a tree under its vegetation management plan; and that challenge involved a service-related issue that fell within PUCO's exclusive jurisdiction. *Id.* at ¶ 20.

{¶14} This matter is unlike most of the cases that this Court has encountered in its research. Most of those cases, including *Corrigan*, involved a utility's action or proposed action in relation to an easement. *See, e.g., Corrigan* at ¶ 2; *see also Wimmer v. Pub. Util. Comm.,* 131 Ohio St.3d 283, 2012-Ohio-757, ¶ 2-3; *Schad v. Ohio Edison Co.,* 5th Dist. Ashland No. 09-CA-024, 2010-Ohio-585, ¶ 2; *DeLost v. First Energy Corp.,* 7th Dist. Mahoning No. 07 MA 194, 2008-Ohio-3086, ¶ 1 ("The issue in this appeal is whether the trial court lacks subject matter jurisdiction over a complaint seeking injunctive relief to prevent Ohio Edison from cutting down trees that are on the DeLosts' property but are within the easement owned by Ohio Edison.").

{¶15} Here, the trial court rejected the Appellants' argument that the matter fell within PUCO's exclusive jurisdiction because Mr. Berry sought money damages and the trial court believed that he could not receive money damages if the matter proceeded through PUCO. While we take no position on the trial court's reasoning, we nonetheless, based on the state of the record before us, cannot say that the trial court erred in concluding that it had subject matter jurisdiction over the action.[1]

{¶16} The trial court ultimately concluded that Appellants' actions amounted to a trespass. Deciding whether Appellants' actions amounted to a trespass would not, under the

---

[1] We note that Appellants, in their argument, point to evidence from trial in attempting to establish their entitlement to relief even though that evidence would not have been before the trial court in deciding the motion to dismiss. Thus, it appears that Appellants also broadly assert that the trial court lacked subject matter jurisdiction, not just that the trial court erred in denying their motion to dismiss. As the issue of subject matter jurisdiction can be raised at any time, we consider the entirety of the record in determining whether subject matter jurisdiction exists. *See Bank of Am., N.A. v. Kuchta,* 141 Ohio St.3d 75, 2014-Ohio-4275, ¶ 17.

facts present in our record, involve the administrative expertise of PUCO as it would not involve consideration of a vegetation management plan. Here, it appears there was an issue before the trial court concerning whether there was an easement or right-of-way in the area where the tree was trimmed. Mr. Berry alleged that Ohio Edison, without easement or permission, erected power lines that ran over his property, and that the location of those lines necessitated the trimming of the tree at issue, which he further alleged was negligently trimmed. The vegetation management plans authorized by the Ohio Administrative Code are to address "[r]ight-of-way vegetation control[.]" *See* Ohio Adm.Code 4901:1-10-27(E)(1)(f). There is nothing in *Corrigan* that suggests that vegetation management plans are implicated in addressing vegetation outside the scope of a right-of-way or easement. *See also Cottrell v. Am. Elec. Power,* 190 Ohio App.3d 518, 2010-Ohio-5673, ¶ 24 (3d Dist.). We decline to expand the reach of *Corrigan* to extend to cases involving activity on property outside the scope of an easement or right-of-way.

{¶17} While there was evidence that the *utility poles* were in a right-of-way, it is unclear to this Court, based on the record before us, precisely where the lines and tree at issue were located. Mr. Berry maintained that a portion of the lines was not in the right-of way and that it was that portion of the lines that caused Nelson Tree Service to trim the tree. We note our record on appeal does not include several documents that might have clarified the issues and evidence before the trial court. The record does not contain a copy of the transcript of the hearing on the motion to dismiss. *See* App.R. 9(B)(1), 10; Loc.R. 5(A). Further, our record does not contain copies of some of the documents that were submitted at trial or that were filed by the parties after the trial; they include "[Mr. Berry's] Trial Brief with Exhibits[,]" "[Mr. Berry's] Addendum to

Trial Brief and Closing Arguments[,][2]" and Appellants' "Bench Brief on Prescriptive Easement." *See* Loc.R. 5(A). This Court has long held that that "it is the duty of the appellant to ensure that the record on appeal is complete." *Lunato v. Stevens Painton Corp.,* 9th Dist. Lorain No. 08CA009318, 2008-Ohio-3206, ¶ 11. When portions of the record that are necessary for our review are not included in our record on appeal, we are required to presume regularity in the trial court's proceedings. *See id.*

{¶18} If the there was an easement or right-of-way in the challenged area, then under *Corrigan,* the reasonableness of Appellants' tree trimming would properly be before PUCO. *See Corrigan* at ¶ 20. If there was not an easement or right-of-way, as the trial court apparently found because it determined that Appellants trespassed, then Appellants have not shown that their actions were part of a "[r]ight-of-way" vegetation management plan. *See* Ohio Adm.Code 4901:1-10-27(E)(1)(f). Therefore, PUCO's expertise would not be required and the trial court would have jurisdiction. *See Jentgen v. Asplundh Tree Expert Co.,* 5th Dist. Delaware No. 14 CAE 04 0028, 2014-Ohio-5870, ¶ 16, 27-28, 34 (affirming the trial court and agreeing that the trial court had jurisdiction to determine the rights of the parties under an easement and lacked jurisdiction to determine whether utility's action with respect to trees covered by the easement was reasonable).

{¶19} Appellants have not convinced us that the trial court lacked subject matter jurisdiction to determine whether Appellants trespassed, and in finding that they did trespass, to proceed to adjudicate the remainder of the matter. Given the foregoing, including the incomplete record on appeal, we overrule Appellants' second assignment of error.

---

[2] While the trial court's judgment entry states that this document was filed on December 18, 2015, it is not docketed.

## ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED IN CONCLUDING THAT [APPELLANTS] DID NOT HAVE THE LEGAL AUTHORITY TO CONDUCT TREE-TRIMMING ACTIVITIES TO ENSURE SAFE AND RELIABLE ELECTRICAL SERVICE IN ACCORDANCE WITH OHIO EDISON'S VEGETATION MANAGEMENT PLAN.

## ASSIGNMENT OF ERROR III

THE TRIAL COURT ERRED IN CONCLUDING THAT [APPELLANTS] CAN BE HELD LIABLE FOR TRESPASS.

{¶20} Appellants argue in their first assignment of error that the trial court erred in concluding that they did not have authority to conduct the tree-trimming at issue. In their third assignment of error, Appellants assert that the trial court erred in finding Appellants liable for trespass. In both of these assignments of error, Appellants challenge the trial court's ruling and findings at trial. It is clear that, with respect to Appellants' first assignment of error, the trial court relied at least in part on Mr. Berry's trial brief and the argument cited therein; the trial court, in its decision, referenced the trial brief and the law that Appellants now assert does not apply. As noted above, this Court does not have before it all the documents that the trial court had before it in rendering its judgment. Mr. Berry's trial briefs and Appellants' bench brief on prescriptive easements are not in the record. It is unclear whether these documents, one of which references exhibits, include evidence or other argument that would be necessary for this Court to review in determining whether the trial court erred in concluding that Appellants lacked authority to conduct the tree-trimming or in finding Appellants liable for trespass. As Appellants have failed to supply this Court with a complete record on appeal, we are required to presume regularity in the trial court's proceedings and affirm its judgment on that basis. *See Lunato*, 2008-Ohio-3206, at ¶ 11. Appellants' first and third assignments of error are overruled on that basis.

III.

**{¶21}** In light of the foregoing, we affirm the judgment of the Akron Municipal Court.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Akron Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

CARLA MOORE
FOR THE COURT

WHITMORE, J.
HENSAL, J.
CONCUR.

APPEARANCES:

STEPHEN W. FUNK, Attorney at Law, for Appellant.

DENISE M. HASBROOK and EMILY CIECKA WILCHECK, Attorneys at Law, for Appellant.

PATRICK KASSON, Attorney at Law, for Appellant.

LOUIS BERRY, pro se, Appellee.