[Cite as *Mihiylov v. Ohio Edison Co.*, 2017-Ohio-915.]

STATE OF OHIO        )                IN THE COURT OF APPEALS
                         )ss:            NINTH JUDICIAL DISTRICT
COUNTY OF SUMMIT    )

ROBERT L. MIHIYLOV              C.A. No.     28140

       Appellee

       v.                        APPEAL FROM JUDGMENT
                               ENTERED IN THE
OHIO EDISON COMPANY, et al.    AKRON MUNICIPAL COURT
                               COUNTY OF SUMMIT, OHIO
       Appellants               CASE No.    15CVI03594

DECISION AND JOURNAL ENTRY

Dated: March 15, 2017

HENSAL, Presiding Judge.

{¶1} Ohio Edison Co. and Nelson Tree Service appeal a judgment of the Akron Municipal Court that awarded damages to Robert Mihiylov for improperly trimming his trees. For the following reasons, this Court reverses.

I.

{¶2} According to Mr. Mihiylov, in April 2015, Ohio Edison hired Nelson Tree Service to trim trees near its distribution poles. Although allegedly telling Mr. Mihiylov that it would only trim the trees on his property to the edge of Ohio Edison's right-of-way, it cut them back even farther, leaving a hole in the canopy of his trees. Mr. Mihiylov filed a small claims complaint against Ohio Edison and Nelson Tree Service seeking $3,000 in damages. Ohio Edison and Nelson Tree Service moved to dismiss the complaint, alleging that the matter was within the exclusive jurisdiction of the Public Utilities Commission of Ohio (PUCO). The

municipal court denied their motion and, following a trial to the bench, awarded Mr. Mihiylov $1,000. Ohio Edison and Nelson Tree Service have appealed, assigning five errors.

II.

ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED IN FAILING TO DISMISS THIS CASE FOR LACK OF SUBJECT MATTER JURISDICTION BECAUSE THIS CLAIM FALLS WITHIN THE EXCLUSIVE JURISDICTION OF THE PUBLIC UTILITIES COMMISSION OF OHIO.

{¶3} Ohio Edison's and Nelson Tree Service's first assignment of error is that the municipal court incorrectly denied their motion to dismiss. According to them, because the trimming of Mr. Mihiylov's trees arose out of the execution of their right-of-way vegetation management plan, any issues concerning it are within PUCO's exclusive jurisdiction.

{¶4} "A motion to dismiss for lack of subject matter jurisdiction raises questions of law that we review de novo." *Jackson v. Ohio Dept. of Edn.*, 9th Dist. Summit No. 27686, 2016-Ohio-2818, ¶ 9. "The General Assembly enacted R.C. 4901.01 et seq. to regulate the business activities of public utilities and created PUCO to administer and enforce these provisions." *Corrigan v. Illuminating Co.*, 122 Ohio St.3d 265, 2009-Ohio-2524, ¶ 8. Under Revised Code Section 4905.26, PUCO has "broad jurisdiction * * * over service-related matters * * *." *Id*. at ¶ 8–9. That "broad jurisdiction," however, "does not affect the basic jurisdiction of the court of common pleas * * * in other areas of possible claims against utilities, including pure tort and contract claims." (Internal quotations and citation omitted.) *Id*. at ¶ 9.

{¶5} The Ohio Supreme Court has adopted a two-part test to determine whether PUCO has exclusive jurisdiction over a dispute: "First, is PUCO's administrative expertise required to resolve the issue in dispute? Second, does the act complained of constitute a practice normally authorized by the utility?" *Id*. at ¶ 11, quoting *Allstate Ins. Co. v. Cleveland Elec. Illuminating*

*Co.*, 119 Ohio St.3d 301, 2008-Ohio-3917, ¶ 12. "If the answer to either question is in the negative, the claim is not within PUCO's exclusive jurisdiction." *Allstate Ins. Co.* at ¶ 13. "In deciding whether the claims raised by the complaint are pure contract and tort claims that do not fall within PUCO's exclusive jurisdiction we 'are not limited to the allegations in the complaint.'" *Berry v. Ohio Edison Co.*, 9th Dist. Summit No. 28161, 2016-Ohio-8442, ¶ 9, quoting *Corrigan*, 122 Ohio St.3d 265, 2009-Ohio-2524, ¶ 10. "We must review the substance of the claims to determine if service-related issues are involved." *Id.*, quoting *Corrigan* at ¶ 10.

{¶6} In *Corrigan*, the Ohio Supreme Court considered whether the removal of a tree that was located within a utility company's easement was under the exclusive jurisdiction of PUCO. The Supreme Court noted that, under the Ohio Administrative Code, utility companies are required to maintain their transmission equipment, which includes developing a program for "[r]ight-of-way vegetation control * * *." *Id.* at ¶ 15, quoting Ohio Adm. Code 4901:1-10-27(E)(1)(f). Concluding that the utility company's decision to remove the tree at issue was governed by its vegetation-management plan and that vegetation management is necessary to maintain safe and reliable electrical service, the Supreme Court determined that both parts of the *Allstate* test were satisfied. *Id.* at ¶ 15-16. It, therefore, held that the case fell within the exclusive jurisdiction of PUCO. *Id.* at ¶ 16.

{¶7} Similar to *Corrigan*, this case also involves trees that a utility company believed could interfere with transmission lines that are located in a right of way. The trial court specifically noted that Mr. Mihiylov disputed Ohio Edison's "line clearance" decision and that he, therefore, was contesting Ohio Edison's vegetation management plan. Mr. Mihiylov did not dispute that parts of his trees crossed into Ohio Edison's right-of-way, he only argued that Nelson Tree Service should not have cut the trees back even farther into his property.

{¶8}    Because the central issue in this case is the extent to which a landowner can dispute a utility's company's judgment about how much of a tree must be trimmed to control the vegetation in its right-of-way, we conclude that such dispute is within the exclusive jurisdiction of PUCO.  *See id*. at ¶ 20; *compare Berry*, 9th Dist. Summit No. 28161, 2016-Ohio-8442, at ¶ 17-18 (concluding that PUCO did not have exclusive jurisdiction when transmission lines were not within a right-of-way, but explaining that, "[i]f * * * there was an easement or right-of-way in the challenged area, then under *Corrigan*, the reasonableness of Appellants' tree trimming would properly be before PUCO.").  Ohio Edison's and Nelson Tree Service's first assignment of error is sustained.  In light of our disposition of this assignment of error, their remaining assignments of error are rendered moot and are overruled on that basis.  App.R. 12(A)(1)(c).

III.

{¶9}    Ohio Edison's and Nelson Tree Service's first assignment of error is sustained.  Their second, third, fourth, and fifth assignments of error are overruled as moot.  The judgment of the Akron Municipal Court is reversed.

Judgment reversed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Akron Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution.  A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the

period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

_____
JENNIFER HENSAL
FOR THE COURT

CARR, J.
TEODOSIO, J.
CONCUR.

APPEARANCES:

PATRICK KASSON, Attorney at Law, for Appellants.

DENISE M. HASBROOK and EMILY CIECKA WILCHECK, Attorneys at Law, for Appellant.

STEPHEN W. FUNK, Attorney at Law, for Appellant.

ROBERT L. MIHIYLOV, pro se, for Appellee.